Mrs. Anna McGrath, Appellant, v. Leo C. Meyers et al.—107 S. W. (2d) 792.

Division One, June 30, 1937.

*Lamm & Barnett* and *Johnson & Quinn* for appellant.

*Fred F. Wesner* and *E. W. Jones* for respondents; *D. E. Kennedy* of counsel.

HYDE, C.—This is an action for damages for personal injuries caused by defendant's automobile colliding at a street intersection with the automobile in which plaintiff was riding as a guest. Plaintiff sued for $10,000. The jury found for defendant and from judgment entered on this verdict, plaintiff has appealed.

Plaintiff alleged and submitted both negligence under the humanitarian doctrine and primary negligence, including charges of excessive speed and failure to have the car under sufficient control to do what was required by the exercise of the highest degree of care. Defendant's answer, in addition to a general denial and allegations of other acts of negligence of the driver of the car in which plaintiff was riding, alleged violation of an ordinance of the City of Sedalia which was referred to in the answer, as follows:

"That at all times herein referred to and at all times referred to in plaintiff's petition there was in force and effect an ordinance of the City of Sedalia, being Ordinance No. 2895, entitled, 'An ordinance regulating traffic over the streets of Sedalia, Missouri, providing for traffic signals and providing a penalty for the disregarding of traffic signals.'

"That Section 2 of said Ordinance No. 2895 provides as follows:

"Section 2. 'Any driver of an automobile or any other vehicle approaching an intersection where a stop signal is established shall bring his automobile to a dead stop before approaching said signal and before attempting to cross said intersection.' . . .

"Defendant alleges that the said Louise C. Waddell negligently and carelessly failed to stop before her said car in which plaintiff was riding on 5th Street before driving east into said intersection in violation of said ordinance."

Plaintiff's reply was only a general denial, but when the ordinance was offered in evidence plaintiff made the following objection:

"We object to the introduction of this Ordinance in evidence for the reason that the Ordinance shows upon its face that it is an invalid ordinance, for the reason that there is an attempt made by the ordinance to unlawfully delegate to the City Engineer, or to the Street Commissioner of the City, legislative powers of the council of the city and that it is contemplated by the ordinance that those officers of the city shall perform duties which the law imposes upon the City Council and which the City Council has no right to delegate to those officers."

Plaintiff's objection was overruled and plaintiff assigns as error the admission in evidence of this ordinance and also the giving of defendant's Instruction C based upon its violation. This instruction was as follows:

"If you find and believe from the evidence that on May 10th, 1934, there was in full force and effect in Sedalia, Missouri, Section 2, of Ordinance No. 2895; of the City of Sedalia, introduced in evidence; and that Louise Waddell failed to bring the Packard car to a stop at the stop sign on the West line of Missouri Avenue at 5th Street before entering the intersection of 5th Street, if so, and that her failure so to do, if so, was negligence; and

"If you further find and believe from the evidence that said Louise Waddell accelerated the speed of the Packard sedan and drove the same into the intersection of Missouri Avenue and 5th Street and into the path and line of travel of the Buick sedan; and that in so doing, if so, she failed to exercise the highest degree of care under the circumstances at the time and place mentioned in the evidence; and if you further find that such failure, if any was negligence; and

"If you further find and believe from the evidence that such negligence of Mrs. Waddell, if any, was the sole and only cause of plaintiff's injuries, if any, without which plaintiff would not have sustained any injuries, then your verdict will be for the defendant; and in this connection the Court further instructs the jury that the negligence of the driver of the Waddell car cannot be imputed to plaintiff in determining whether the negligence, if any, of said Mrs. Waddell was the sole cause of the collision."

Plaintiff is not in position to raise this question of constitutionality on this appeal. "A constitutional question, in order to

be available to a party litigant, must be raised at the first opportunity presented in the conduct of the case." [Magill v. Boatmen's Bank (Mo.), 250 S. W. 41; see, also, Meredith v. Claycomb (Mo.), 212 S. W. 861; Sutton v. Anderson, 326 Mo. 304, 31 S. W. (2d) 1026; Schildnecht v. City of Joplin, 327 Mo. 126, 35 S. W. (2d) 35.] "The invalidity of an ordinance, like the unconstitutionality of a law, must be brought in at the first open door under the orderly procedure in the case. [Lohmeyer v. St. Louis Cordage Co., 214 Mo. 685, 113 S. W. 1108.] If the cause of action be founded upon a pleaded ordinance, the answer would be the first open door. If the defense in its answer relies upon a pleaded ordinance, then the reply would be the first open door." [Roper v. Greenspon, 272 Mo. 288, 198 S. W. 1107; see, also, Bluedorn v. Mo. Pac. Railroad Co., 121 Mo. 258, 25 S. W. 943; Schimmelpfenning v. Wells (Mo.), 24 S. W. (2d) 154.] Plaintiff says it was not necessary to raise the question here by reply because Section Two of the ordinance set out in the petition did not disclose invalidity on the face of the petition; but that Section One (not set out) did show on its face an unconstitutional delegation of legislative power; and that this section was not brought into the case until the ordinance was offered in evidence. Plaintiff's position seems to be that, if a defense is based upon an ordinance or statute, it is unnecessary to raise its invalidity by reply unless such invalidity appears on the face of the answer. If that position should be sustained, it would logically follow that if a petition asserted rights under a statute it would never be necessary for a defendant to assert its invalidity in any pleading unless the question could be raised by demurrer, because if it affirmatively appeared on the face of a petition that a statute on which the case was based was unconstitutional, the question could be raised by demurrer. [State ex rel. Schuler v. Nolte, 315 Mo. 84, 285 S. W. 501; see, also, Colley v. Jasper County, 337 Mo. 503, 85 S. W. (2d) 57.] Our code requires the answer to contain "a statement of any new matter constituting a defense." [Sec. 776, R. S. 1929.] Matter which appears from the face of the petition is not new matter. The rule established by the cases herein cited, is that if a defense is based on a statute or ordinance, the plaintiff must determine whether there is any ground for challenging its validity and if he desires to make such a challenge, assert it in his reply (if its invalidity appears on the face of the answer he could do so by demurrer) or it is waived. The only issue made, by the pleadings herein, on this ordinance was whether or not plaintiff violated it.

However, plaintiff makes another objection to Instruction C that must be sustained, namely: It is not a proper sole cause instruction making clear defendant's duty under the humanitarian rule. This was the only defendant's instruction given or requested.

Although contributory negligence is not a defense to a humanitarian negligence case "the question of whether the negligence of the injured party (or of some other person), where it is made an issue in the case, was the sole cause of the injury remains in the case. A defendant in such cases has the right to have that issue properly submitted to the jury." [Borgstede v. Waldbauer, 337 Mo. 1205, 88 S. W. (2d) 373.] Instruction C was not a proper submission of that issue. It would not have been a correct instruction even if plaintiff had been the driver instead of a guest. It made negligence a defense, which might in law only be contributory negligence, because it did not hypothesize facts which would make the negligence of the driver of the car in which plaintiff was riding the sole cause of plaintiff's injury.. In the Borgstede case, the sole cause instruction approved required several findings conspicuous here by their absence, to-wit: "That the defendant was at all times mentioned in the evidence exercising the highest degree of care in the operation of said automobile;" that "deceased walked into the side of (defendant's) automobile;" and that defendant "did not know, or by the exercise of the highest degree of care could not have known, that deceased was about to walk into the side of said automobile . . . or was in a position of imminent peril, *in time thereafter,* by the exercise of the highest degree of care, to have stopped, slackened the speed, swerved said automobile, or given warning of the approach so as to have prevented said injury." In short, that instruction specifically required a finding of facts which would conclusively show that defendant was not guilty of any negligence and which would negative every essential element of the humanitarian rule. Sole cause instructions are also discussed in Watts v. Moussette, 337 Mo. 533, 85 S. W. (2d) 487; Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742; Johnston v. Ramming, 340 Mo. 311, 100 S. W. (2d) 466; and Dilallo v. Lynch, 340 Mo. 82, 101 S. W. (2d) 7. In the Dilallo case, this court set out as requirements of a defendant's sole cause instruction, the following: "Such instruction should, in order to avoid confusion and conflict, contain the *sole* cause provision and what we may term a *not due* to the negligence of the defendant provision as in the Doherty case, and also a plain direction that contributory negligence is not to be considered in determining recovery under the humanitarian rule." (Also in a guest case the jury must be informed as to imputed negligence.) These requirements are, of course, in addition to the requirement that facts must be hypothesized which would show acts constituting sole cause on the part of someone other than defendant.

The only facts required to be found by Instruction C herein to absolve the defendant from negligence were that Mrs. Waddell failed to stop the car, in which plaintiff was riding, before entering the

intersection; that she "accelerated the speed" of the car; and that she drove the car into the intersection and "into the path and line of travel of" defendant's car; and that this was a failure to exercise the highest degree of care. It contains nothing about *when* she drove into the defendant's line of travel or *what* defendant could have done *thereafter*. There is no requirement to find that the defendant was not negligent or that he could not have, *after* the car came into his line of travel, done any of the things required of him by the humanitarian doctrine. In effect, this instruction informed the jury if they believed that Mrs. Waddell drove her car into the line of travel of defendant's car and that it was not the exercise of the highest degree of care on her part to do so, they might find that her negligence was the sole cause of plaintiff's injury regardless of what defendant could have done thereafter in time to prevent a collision. This instruction was reversible error which was not cured by plaintiff's correct humanitarian instructions because it thus directly conflicted with them.

The judgment is reversed and the cause remanded. *Ferguson* and *Bradley, CC.,* concur.

PER CURIAM:—The foregoing opinion by HYDE, C., is adopted as the opinion of the court. All the judges concur.