ANGELO FASSI, Appellant, v. ANTON SCHULER.—159 S. W. (2d) 774.

Division Two, March 13, 1942.

*Morris A. Shenker* and *Glenn L. Moller* for appellant.

*J. Edward Gragg* for respondent; *M. G. Baron* of counsel.

163

TIPTON, P. J.—This is an action for damages for personal injuries. The sole allegation of negligence in appellant's petition was failure of respondent to equip a three story boarding house with fire escapes, as required by Chapter 118, Article 2, of Revised Statutes 1939. The respondent's answer was a general denial. The verdict of the jury and the judgment entered thereon were in favor of the respondent. From this judgment the appellant has duly appealed.

The appellant assigns as error the admission of evidence, the giving of an instruction at the request of respondent, and the prejudicial argument of respondent's attorney. The respondent's contention that his demurrers to the evidence should have been sustained will necessitate a review of the evidence.

The evidence shows that a building located at 3966 Lindell Boulevard, in St. Louis, Missouri, caught fire on March 1, 1937, early in the morning. This building was a three story brick house owned by respondent, and was operated as a lodging or rooming house by Mrs. Angelina Calvetti. At least two of the rooms above the first floor had gas stoves. In all, there were seven separate rooms above the first floor, each occupied by a different tenant who paid weekly rent to Mrs. Calvetti. Appellant rented a room on the third floor at the rear of the building. On March 1, 1937, while appellant was still in bed, a fire broke out in this building, and there is some evidence that it soon spread upstairs to the third floor, reaching the room in which appellant was asleep. He awakened and opened the door into the hallway, but because of the heat, smoke and fire coming up the stairs,

he was unable to escape that way. He closed the door, and the heat became so intense that he finally crawled out the window and hung to the window ledge until he slipped and fell, receiving severe injuries. There was no fire escape on this building The testimony of Andrew D. Blackwood, a city building inspector, established that when old buildings, as was this building, are equipped with fire escapes, they are placed so as to be accessible to occupants of every room without their having to go near the inside stairway.

Since the verdict of the jury was for respondent, who is the owner of these premises, we deem it necessary to set out the evidence produced in his behalf. Most of the witnesses for respondent were firemen and police officers. Their evidence tended to show there was a large room across the front, or north side, of the house on the third floor, and two smaller rooms at the rear, or south end, one of which was occupied by appellant. There was a compartment adjoining the east wall of appellant's room which was about six feet long, three feet wide and four feet high, and the only door leading into this compartment was in appellant's room. The evidence also showed that in this compartment there were five five-gallon metal containers or cans, one ten-gallon wooden barrel, and one thirty-gallon wooden barrel containing some alcohol; also, there was an electric switch on the inside of this compartment attached to the wooden partition wall separating appellant's room and this compartment. Three electric wires ran from this switch to the wooden kegs, and from there up to the wooden ceiling. It could be inferred from respondent's evidence that the fire originated in this compartment and was largely confined to the rear rooms on the third floor. Appellant denied having any knowledge ▆ of this compartment, but we think the jury could gather from the evidence that he did know of it and was probably the owner of the contents of the compartment.

Since the jury found the issue for the owner of the building under discussion, we think it advisable to state his theory of the case. First, respondent contends that his demurrer to the evidence should have been sustained because failure to equip the building with a fire escape, as provided by the Statutes, was not the proximate cause of appellant's injuries, and second, that the injuries received by appellant were the result of his sole negligence.

▆ Was the demurrer to the evidence properly ruled? In deciding this question, we must accept appellant's evidence as true and give him the benefit of all reasonable inferences that may be drawn therefrom. It is undisputed that there were no fire escapes attached to the building, that respondent is the owner of the building, that a fire occurred, and that appellant was injured. It must be conceded that it was negligence *per se* for respondent to neglect to comply with the Statutes requiring the building to be equipped with fire escapes. [Burt v. Nichols, 264 Mo. 1, 173 S. W. 681.] Respondent does

not deny this proposition of law, in fact, he frankly admits it. But he does say that, even if he was negligent in failing to erect the fire escapes, he is not liable because this negligence was not the proximate cause of appellant's injuries. The rule is well established, even if negligence of the defendant has been shown, there can be no recovery unless such negligence is the proximate cause of the injury. It is not sufficient merely to show negligence and injury; plaintiff must show a causal connection between the negligence pleaded and proved, and the injury claimed to have resulted therefrom. [Krelitz v. Calcaterra, 33 S. W. (2d) 909; Larsen v. Webb, 332 Mo. 370, 58 S. W. (2d) 967; Weeks v. McNulty, 101 Tenn. 495, 43 L. R. A. 185; Conway v. Monidah Trust, 47 Mont. 269, 132 Pac. 26, L. R. A. 1915E, 500.]

Was the failure to erect the fire escapes the proximate cause of appellant's injuries? Appellant's evidence is that on account of the smoke, blaze and heat he could not get down the only stairway leading from the third floor; that the heat became so great in his room he could not stand it, so he hung by his hands on the window ledge as long as he could and then fell, receiving the injuries for which he sought damages. Section 14951, R. S. Mo. 1939, provides that fire escapes shall be constructed under the supervision of the superintendent of public buildings. We have mentioned the testimony of a building inspector in which he said that an old building of this type must have the fire escapes so placed as to be accessible to the occupants of every room without their having to go near the inside stairway.

". . . liability does not depend upon whether, in the exercise of reasonable diligence, the defendant could foresee, or ought to have foreseen, the very injury complained of, but he may be held liable for anything which, after the injury is complete, appears to have been the natural and probable consequence of the act or omission." [Smith v. St. Joseph Ry., Light, Heat & Power Co., 310 Mo. 469, 276 S. W. 607, 1. c. 610; Buckner v. Stockyards Horse & Mule Co., 221 Mo. 700, 120 S. W. 766; McLeod v. Linde Air Products Co., 318 Mo. 397, 1 S. W. (2d) 122.]

Under the above facts, the jury could find that respondent should have foreseen this boarding house might catch fire, that the appellant, living on the third floor, could only escape the fire through the window in his room, and that the failure to erect the fire escape directly contributed to cause the injuries received by appellant. Since the negligence and injuries in this case are not disputed, and the facts would warrant a jury to find the injuries were proximately caused by such negligence, it follows that the demurrers to the evidence were properly overruled.

As the jury returned a verdict for respondent (defendant), the judgment of the trial court must be affirmed, unless there was some procedural error that was prejudicial to the rights of appellant. It was respondent's theory of this case that appellant's injuries

were the result of his sole negligence, and therefore he was not entitled to recover. Under a general denial a defendant may, if he can, prove a state of facts showing the plaintiff's injuries are the result of the sole negligence of the plaintiff. [Long v. Mild, 347 Mo. 1002, 149 S. W. (2d) 853.] But if the facts attempted to be established show that the plaintiff was merely guilty of contributory negligence, a general denial is not sufficient to authorize the admission of such evidence or warrant a submission of the issue, since that would be an affirmative defense which must be pleaded. [Neal v. Curtis & Co. Mfg. Co., 328 Mo. 389, 41 S. W. (2d) 543.] We have already outlined the evidence produced in behalf of respondent and will not repeat it here. But we will say it tended to support the facts as outlined and submitted in the only instruction given in behalf of respondent, which is as follows:

"The Court instructs the jury that if they believe and find from the evidence that on the day in question, and for some time prior thereto, there was a compartment adjacent to and connected with the room occupied by plaintiff, and if you further find that in said compartment were numerous cans, kegs, barrels and electric wires and switches connected to said barrels and kegs containing alcohol, and if you further find and believe from the evidence that plaintiff knew of the contents of the said compartment and knew of the danger thereof, and if you further find that said fire was caused to start or ignite as a result of the contents of said compartment, and this was the sole cause of the fire and plaintiff's injuries, then your verdict must be for the defendant."

 We are of the opinion that the facts here hypothesized do not show that appellant's injuries were solely the result of his own negligence. While not necessary to decide, the facts hypothesized in this instruction might show that appellant was guilty of contributory negligence, yet surely they do not warrant a sole cause instruction. The only thing this instruction required the jury to find was "that plaintiff (appellant) knew of the contents of said compartment and knew of the danger thereof." It did not require a finding of a state of facts showing that appellant caused the fire to start in the compartment in such a manner as to be the sole cause of his injuries, or that his knowledge, if any, was in any way the proximate cause of his injuries. Mere knowledge of a dangerous condition on the part of a plaintiff would not entitle a defendant to a sole cause instruction.

In speaking of the facts necessary to be hypothesized in a sole cause instruction, in the case of Long v. Mild, supra, l. c. 860, we said:

"Of course, this can only mean that facts shall be hypothesized which not only show the negligence relied on as sole negligence but also show that such negligence was the sole cause, and not merely a concurring cause. [See also Reiling v. Russell, 345 Mo. 517, 134 S. W. (2d) 33; McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792.]

Before a defendant can be entitled to a sole cause instruction, he must have evidence which tends to prove facts that will sustain it. [Crews v. Kansas City Pub. Serv. Co., 341 Mo. 1090, 111 S. W. (2d) 54.]''

In other words, sole cause means the act or negligence of the plaintiff or a third party directly causing the injury without any concurring or contributory negligence of the defendant. [Doherty v. St. Louis Butter Co., 339 Mo. 996, 98 S. W. (2d) 742; Johnston v. Ramming, 340 Mo. 311, 100 S. W. (2d) 466; McGrath v. Meyers, 341 Mo. 412, 107 S. W. (2d) 792; Smithers v. Barker, 341 Mo. 1017, 111 S. W. (2d) 47; Kick v. Franklin, 345 Mo. 752, 137 S. W. (2d) 512; Stanich v. Western Union Tel. Co., 348 Mo. 188, 153 S. W. (2d) 54.]

It follows that this instruction is erroneous and therefore the judgment of the trial court should be reversed and remanded. It is so ordered. All concur.