Elwood GAINES, Respondent,

v.

PROPERTY SERVICING COMPANY, a
Corporation, Appellant.

No. 43988.

Supreme Court of Missouri.

Division No. 1.

Jan. 10, 1955.

Motion for Rehearing or to Transfer
to Court en Banc Denied
March 14, 1955.

Alexander & Robertson, L. A. Robertson, E. E. Baker, St. Louis, for appellant.

Barnhart, Wood & Bransford, Joseph A. Rogers and C. V. Barnhart, St. Louis, for respondent.

DALTON, Presiding Judge.

Action for damages for personal injuries sustained on April 24, 1952, as the result of a fire in defendant's three story apartment building which was not equipped with a fire escape as required by Chapter 320, Section 320.010 et seq., RSMo 1949, V.A.M.S. Verdict and judgment were for plaintiff for $18,500. Defendant has appealed.

Plaintiff and one Clara Burns had rented and occupied for some two years an apartment consisting of one room and a kitchenette on the third floor of a five family apartment building owned and operated by defendant and located at 103 N. Channing Avenue in the City of St. Louis. The apartment was at the front (east part) of the building. Another tenant, Pearl Hodges, occupied an apartment on the same floor at the rear (west part) of the building. There were two apartments on the second floor and one on the first floor, the latter being occupied by Roosevelt Haley and his wife. The building was over fifty years old. There was no evidence as to when it was built, or when it was changed from a single family to a multiple dwelling. There was no evidence that the building had been rebuilt or altered. The defendant had owned the building for some time prior to the date of the fire, but, since it acquired the property, no alterations had been made. A wooden stairway located along the north wall of the building led up from a front vestibule near the northeast corner of the building to the third floor at a point near the entrance to plaintiff's apartment. A hallway extended west from the top of the stairs to the apartment of Pearl Hodges at the rear of the building. There was no fire escape on the outside of the building and no brick or concrete fire escape inside the building. There was no access to the upper floors of the building except by the one wooden stairway.

About 5:30 p. m., April 24, 1952, plaintiff and Clara Burns were in their apartment and Pearl Hodges was in hers. Clara Burns then left her apartment and went down the stairs to a point between the first and second floors. At that time she saw Roosevelt Haley with a five gallon coal oil can sprinkling a fluid about his apartment and over the hallway on the first floor. The fluid was burning and she last saw Haley backing up the hallway as he sprinkled the fluid about. She promptly notified the tenants on the second and third floors. Pearl Hodges, when first warned of the fire, came to plaintiff's apartment, but later returned to her own. Plaintiff came out of his apartment, saw the fire and then with Clara Burns, re-entered their apartment. There was no other place to go, the whole stairway was in flames and the fire and heat were coming up the stairs and hallway. One could not see the second floor for the flames. The draft from an open front door was carrying the fire rapidly up the stairs. Plaintiff knocked the window glass out of a window in the kitchenette of his apartment and, when the fire reached the kitchenette and plaintiff received burns on his body and left arm he and Clara Burns were forced to jump from the open window onto the roof of an adjoining one story building. Both sustained serious injuries.

Most of the fire was concentrated in the front of the building and went up the stairway and stairwell to the third floor. The stair bannisters were burned off, the steps charred, the rooms on the third floor were damaged by fire and about half the roof of the building was destroyed. Roosevelt Haley was indicted and tried and, later, pleaded guilty to setting the building afire and received a sentence to the state penitentiary.

Appellant first contends that "the court erred in overruling defendant's request for a directed verdict at the close of all the evidence because the evidence fails to show that the negligence charged against defendant was a proximate cause of plaintiff's injuries." Appellant argues that "plaintiff's evidence established defendant's negligence as a condition or remote cause of

plaintiff's injury"; that "the intentional, wrongful, criminal act of a responsible human agency constituted an independent efficient intervening cause of plaintiff's injuries, breaking the chain of causes between the negligence charged against defendant and plaintiff's injuries"; that "the negligence charged against defendant and the wilful, intentional, criminal act of a third person in setting fire to the building were not joint and concurrent causes of plaintiff's injuries"; that "defendant could not reasonably have anticipated the wilful, intentional, criminal act of a third person in setting fire to the building in question"; and that "the fact that defendant could not reasonably anticipate the wilful, intentional, criminal act of a third person in setting fire to the building rendered the negligence charged against defendant remote and not a proximate cause of plaintiff's injury."

Appellant further argues that "plaintiff's evidence shows that the act of negligence charged against defendant (failure to provide a fire escape) could not cause plaintiff's injury alone"; that "the injury to plaintiff herein resulted directly from the intervening intentional criminal act of one Haley in setting fire to the building"; and that "the conduct of this defendant did not in any manner induce or bring about the wrongful act of the third party." Appellant says that, "while defendant could have anticipated that the building might be ignited and burned as a result of the inadvertent carelessness of some person, or due to defective wiring, or any of the causes that usually and customarily cause fires in buildings, defendant could not have foreseen or deemed it probable that a third person would maliciously or wantonly set fire to the building as was done in this case."

Appellant relies upon the general rule stated in 38 Am.Jur. 728, Negligence, Sec. 71, as follows: "* * * that when, between negligence and the occurrence of an injury, there intervenes a wilful, malicious and criminal act of a third person which causes the injury but was not intended by the negligent person and could not have been foreseen by him, the causal chain between the negligence and the accident is broken. Wrongful acts of independent third persons, not actually intended by the defendant, are not regarded by the law as natural consequences of his wrong, and he is not bound to anticipate the general probability of such acts, any more than a particular act by this or that individual. * * *" And see Sira v. Wabash R. Co., 115 Mo. 127, 21 S.W. 905, 907; Wecker v. Grafeman-McIntosh Ice Cream Co., 326 Mo. 451, 31 S.W.2d 974, 977; De Moss v. Kansas City Rys. Co., 296 Mo. 526, 246 S.W. 566, 567; Wood v. Wells, Mo.Sup., 270 S.W. 332, 336; Kennedy v. Independent Quarry & Construction Co., 316 Mo. 782, 291 S.W. 475, 476, 481.

Respondent, on the other hand, relies upon an exception to the general rule as follows: "* * * it is universally agreed that the mere fact that the intervention of a responsible human being can be traced between the defendant's wrongful act and the injury complained of will not absolve him. For example, a defendant is not relieved from liability by the fact that the direct and immediate cause of the injury to the plaintiff was the act of a third person, *where the defendant was in duty bound to protect the plaintiff against an injury from that source.* The test of the sufficiency of an intervening cause to defeat recovery for negligence is not to be found in the mere fact of its existence, but rather, in its nature and the manner in which it affects the continuity of operation of the primary cause, or the connection between it and the injury." (Italics ours.) 38 Am.Jur. 722, Negligence, Section 67.

In the case of Shafir v. Sieben, Mo. Sup., 233 S.W. 419, 423, 17 A.L.R. 637, this court said: "Sometimes courts have held that the intervention of an independent agency in the actual infliction of the injury breaks the causal connection between the original wrong and the infliction of the injury, so that the first wrongdoer escapes liability for the indirect result of his unlawful act. The fact that the latter is sometimes negligent in the final act is often dwelt upon as a reason for this interpretation in specific cases, but it is difficult to under-

stand this reasoning *in cases where the original act was an unlawful one and actually contributed to the unfortunate result."* (Italics ours.)

After reviewing many cases the court reached the following conclusion: "From these and many other Missouri cases bearing more or less directly upon this point we consider the rule to be well established in this state that where the direct and immediate cause of the injury, although the independent act of a third person, belongs to a class against which the defendant is legally bound to protect the plaintiff as one of the general public, defendant will be liable in damage for such injury for his failure to afford such protection." And see Ward v. Ely-Walker Dry Goods Building Co., 248 Mo. 348, 154 S.W. 478, 45 L.R.A.,N.S., 550; McWhorter v. Dahl Chevrolet Co., 229 Mo.App. 1090, 88 S.W.2d 240, 247; Henry v. First Nat. Bank of Kansas City, 232 Mo.App. 1071, 115 S.W.2d 121, 126, 127, 128, 129.

In view of the facts shown by this record, the rule stated in the Shafir case is applicable here. In the trial court the defendant admitted that Section 320.010 RSMo 1949, V.A.M.S., requiring fire escapes under certain circumstances, was applicable under the facts of this case and appellant, in this court, admits that "under the law the defendant was required to maintain a fire escape on the building at a place designated by the fire marshal of the City of St. Louis. Section 320.020, V.A.M.S."

█ The failure of defendant to comply with the provisions of Section 320.010 RSMo 1949, V.A.M.S., requiring the building in question to be equipped with a fire escape was negligence per se. Fassi v. Schuler, 349 Mo. 160, 159 S.W.2d 774, 776; Burt v. Nichols, 264 Mo. 1, 173 S.W. 681, 684, L.R.A.1917E, 250. The term "fire escape" has been defined as "any device for facilitating escape from a burning building." Webster's New International Dictionary, Second Edition. Under the provisions of Chapter 320 RSMo 1949, Section 320.010 et seq., V.A.M.S., particular specifications are set forth for exterior and interior fire escapes. The purpose of the statute requiring fire escapes was, of course, to furnish protection against injury from any fire which might occur, and regardless of its origin. Burt v. Nichols, supra. The purpose of the statute is evident from its provisions and we find no basis for limiting the protection offered thereby to only such fires as may have had their origin in accident or negligence. We cannot approve any classification based upon the origin of the fire and must hold that under the provisions of the applicable statutes it is wholly immaterial whether the fire in question had its origin in accident, act of God, negligence or wilful, intentional and wrongful conduct. See Ward v. Ely-Walker Dry Goods Building Co., supra, 248 Mo. 348, 366, 371, 154 S.W. 478, 45 L.R.A.,N.S., 550. Nor can we approve appellant's contention that the failure to provide a fire escape could not reasonably be said to be a cause of the injury or that, as a matter of law, the cause of the injury was directly and proximately the wrongful act of Haley in starting the fire in question. In law, the question is: Was the failure to provide a fire escape an active and continuing concurring cause, which if it had not existed, the injury would not have taken place?

█ When defendant failed to provide a fire escape in compliance with the statute in question it could reasonably have foreseen that a fire might occur in the said building and that injury thereby might result to persons in or about the building. See Miller v. Brunson Const. Co., Mo.Sup., 250 S.W.2d 958, 960. On this record a jury could find that defendant's unlawful and negligent failure to provide a fire escape concurred with the intentionally set fire to cause the injuries, since there was substantial evidence that, except for defendant's failure to provide a fire escape, plaintiff would not have been injured. The general rule is "that if a defendant is negligent and his negligence combines with that of another, or with any other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent,

intervening cause, would not have produced the injury." Harrison v. Kansas City Electric Light Co., 195 Mo. 606, 93 S.W. 951, 956, 7 L.R.A.,N.S., 293; Gray v. Kurn, 345 Mo. 1027, 137 S.W.2d 558, 566(9); 38 Am. Jur. 729, Negligence, Sec. 71.

The rule further is that "* * * if the initial act or omission is one from which harm is the natural, probable and foreseeable consequence then he who performs the original act or makes the original omission is liable, notwithstanding the fact that other causes, conditions or agencies intervene between his negligence and the ultimate result." Louisville & N. R. Co. v. Beatrice Foods Co., Mo.App., 250 S.W.2d 825, 828; Daneschocky v. Sieben, 195 Mo. App. 470, 193 S.W. 966, 967. It is further well settled that liability does not depend alone upon whether, in the exercise of reasonable diligence, the defendant could foresee or ought to have foreseen, the very injury complained of, but the party charged with negligence may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission. It is therefore unnecessary that the party charged should have anticipated the very injury complained of or anticipated that it would have happened in the exact manner that it did. All that is necessary is that some injury might have happened. Fassi v. Schuler, supra, 159 S.W.2d 774, 776; Gray v. Kurn, supra, 137 S.W.2d 558, 567 (12); Henry v. First Nat. Bank of Kansas City, 232 Mo.App. 1071, 115 S.W.2d 121, 129. A further rule recognized in this state is that where a defendant's negligence appears per se from the conceded facts, as it does in this case, it is not necessary that plaintiff go further and show in addition to the negligence established that the particular consequences of such negligence could have been foreseen by the defendant; all that plaintiff need show is that the injuries are the natural although not the necessary and inevitable, result of defendant's negligence, that is, that such injuries were likely, under ordinary circumstances, to follow from defendant's negligent act. Phillips v. St. Louis & S. F. R. Co., 211 Mo. 419, 443, 111 S.W. 109, 17 L.R.A.,N.S., 1167; Lottes v. Pessina, Mo.App., 174 S.W.2d 893, 897; 38 Am.Jur., Negligence, p. 714, Sec. 62. The court did not err in overruling defendant's request for a directed verdict. Fassi v. Schuler, supra; Burt v. Nichols, supra; Shafir v. Sieben, supra.

Appellant assigns error on the giving of Instructions Nos. 1, 2, and 6, and on the refusal of Instruction D. We find nothing in the record to show at whose request Instructions Nos. 1, 2, and 6 were given, or that defendant objected to the giving of these instructions, nor do we find any reference to Instruction D in the motion for a new trial, however, since the parties agree that Instructions 1, 2, and 6 were given on plaintiff's request, we shall consider these instructions on their merits.

Appellant contends that "the Court erred in giving Instruction One at plaintiff's request because it directed the jury to find proximate cause if plaintiff could have escaped down a fire escape, and excluded from the jury's consideration the evidence of the cause of the fire, the kind of fire, the intervening intentional act of a third person which, if true, justified a finding that the negligence charged was not a proximate cause of plaintiff's injury but only a remote cause and not actionable."

Appellant relies upon the rule that, "An instruction which in effect deprives the jury of the right to determine an issuable question of fact is error, as is an instruction which improperly limits the jury in their consideration of the evidence or in their rendition of a verdict." 64 C.J. 566, Sec. 500; State ex rel. Long v. Ellison, 272 Mo. 571, 199 S.W. 984, 987(4); Devoto v. St. Louis Public Service Co., Mo.App., 238 S. W.2d 66, 72.

Instruction One advised the jury that defendant was required by law to equip the building mentioned in evidence with either an exterior or an interior fire escape; that under the undisputed evidence defendant had failed to provide said building with either type fire escape; and that said defendant was negligent in failing to provide a

fire escape as required by law. The instruction directed a verdict for plaintiff if the jury believed and found from the preponderance or greater weight of the credible evidence the following facts, to wit: That the plaintiff was a tenant residing in said building on April 24, 1952; that a fire occurred in said building, on said date, from any cause whatsoever; that at the time of said fire plaintiff was then within said building and on the third floor thereof; that plaintiff's life was endangered by said fire; that said fire prevented plaintiff from safely escaping from said building by any means other than through the third story windows thereof; that the existence of a fire escape of either the exterior or interior type would have enabled plaintiff to have safely escaped from said building, after he became aware of said fire; that plaintiff would have utilized said fire escape and would have thereby escaped from said building; that the plaintiff sustained burns while within said building; and that plaintiff in escaping from the fire in said building, jumped from a third story window of said building to the roof of a one story building adjacent thereto and was thereby injured.

As stated, appellant argues that this instruction ignored the evidence of an intervening criminal act of a third person on the issue of proximate cause, and excluded that issue from the jury's consideration in determining the proximate cause of plaintiff's injuries.

The instruction was not erroneous on the ground stated. The cause of the fire, as we have held, was immaterial to any issue in the case and the court properly so advised the jury in submitting the issue "that a fire occurred in said building, on said date, from any cause whatsoever." The evidence concerning the type of fire and its rapid spread was not excluded from the jury's consideration. The court properly submitted the issue of proximate cause since, if the jury found the facts as submitted in the instruction, proximate cause as a matter of law was thereby established. Lackey v. United Rys. Co., 288 Mo. 120, 231 S.W. 956, 963; State ex rel. Metropolitan St.

Ry. Co. v. Ellison, Mo.Sup., 208 S.W. 443, 444.

 Appellant next contends that "instruction one erroneously gave the jury a roving commission to speculate as to where defendant was required to maintain a fire escape on the building when defendant's duty was to maintain a fire escape at the place on said building required by law." Appellant's theory is that "defendant was required to maintain a fire escape on the building at a place designated by the fire marshal of the city of St. Louis"; that the fire marshal testified that a fire escape would be required to be erected on the west wall or rear of the building; and that instruction one is so drawn that it does not require the jury to find that plaintiff could have escaped down a fire escape located on the building at the particular place designated by the fire marshal. We think instruction one in effect required the jury to find that if defendant had provided either an exterior or interior fire escape any place on the building, and extending to the third floor, that plaintiff could have escaped. The instruction was, however, limited and clarified by Instruction 3, apparently given at the request of defendant, that if plaintiff could not have escaped down a fire escape located where the fire marshal of the city of St. Louis would have required it to be located, then defendant's negligence was not the proximate cause of plaintiff's injuries. See Hooper v. Conrad, Mo.Sup., 260 S.W. 2d 496, 501. The assignment is overruled.

 Appellant further contends that "Instruction One erroneously permits the jury to find against defendant for violation of Section 320.040, V.A.M.S. (which provides for interior fire escapes on buildings erected or altered after passage of statute) when there is no evidence that the building in question was erected or altered after the passage of the statute."

Appellant says the instruction "permitted the jury to find a verdict in favor of plaintiff and against defendant because of defendant's failure to maintain an interior fire escape," that is, that it permitted a ver-

dict "on facts that did not warrant a recovery against defendant under the law." The required finding that either type of fire escape would have enabled plaintiff to escape cannot reasonably be construed to require the maintenance of any particular type. The undisputed evidence shows that no fire escape of either kind was provided and the evidence was sufficient for the jury to find that if either type of fire escape had been provided on any portion of the building and accessible from the third floor the plaintiff could have reached it and escaped. While the statute required either an exterior or an interior fire escape, in view of the fact that no fire escape was provided, defendant may not complain of the submission which authorized a verdict if the jury found that plaintiff could have escaped by either type of fire escape if it had been provided. See Mann v. Payne, 349 Mo. 89, 159 S.W.2d 602, 604.

■■■■ Appellant further contends that "Instruction One erroneously *conflicts* with instructions four and five in that it prohibits the jury considering evidence of the cause, and nature of the fire, the rapidity of its spread and the extraordinary nature of the fire and whether defendant could anticipate plaintiff's injury while instructions four and five permit the jury to consider this evidence on issue of proximate cause and remote cause." (Italics ours.) It is of course error to give conflicting instructions.

Appellant says Instruction No. 5 directed a verdict for defendant, if the jury found from the evidence that *the injuries sustained* by plaintiff could not have been anticipated by defendant as a result of the negligence charged, while Instruction No. 1 told the jury that plaintiff could recover, if a *fire occurred* in the building from any cause whatsoever, even though defendant *could not have anticipated the fire in question* which caused the injury. We find no conflict in the instructions. Instruction 5 at the place mentioned deals with *injuries,* while instruction one deals with *the particular fire* and, in effect, excluding as a defense the criminal act causing the particular fire. Evidence concerning the presence of the inflammable liquid and the rapidity with which the flames and fire reached the third floor of the building, as affecting the ability of persons there to escape to a fire escape, if one had been provided, was not excluded from the consideration of the jury. Instruction No. 4 submitted an abstract statement to the effect that, if defendant's negligence as submitted in Instruction 1 "did not directly and proximately cause or contribute to cause plaintiff's injuries," the jury should find for defendant, while Instruction 1 submitted a finding of facts, which if the jury so found, proximate cause appeared as a matter of law. The assignment is overruled.

■■■■ Appellant next contends that Instruction 2 erroneously directs the jury to consider questions of law on the issue of proximate cause. We do not agree. Instruction 2 told the jury that in determining whether or not the existence of a fire escape of either exterior or interior type would have enabled the plaintiff to have safely escaped from the building in question, as submitted in Instruction 1, that such fire escapes were required to meet certain specifications, which were thereafter set out. The instruction did not submit questions of law but only reviewed the statutory specifications, definition and description of exterior and interior fire escapes and in effect told the jury what was meant by the terms exterior and interior fire escapes as such terms were used in the statutes and instructions. Appellant says the instruction covers only part of the statutory law and failed to specify "where the fire escape should have been maintained on the building"; and that such had a material bearing upon the ability of plaintiff to escape from the fire. In view of our previous ruling, this contention is overruled. Appellant further says that Instruction 2 excluded and prohibited the jury from considering the evidence that the fire was started by a third person pouring inflammable material about the first floor of the building and igniting the same. We have previously ruled this issue against appellant.

Appellant next contends that "Instruction six erroneously excludes from the jury's consideration evidence of the cause and nature of the fire and whether defendant could anticipate injury to plaintiff due to the fire on the issue of proximate cause." Appellant says that "Instruction Number 6 instructed the jury that the fact that the fire was caused by a criminal act of a third person is entirely irrelevant and immaterial to any of the issues to be decided by the jury"; and that it "ignores and excludes from the jury's consideration on the issue of proximate cause, the evidence of the criminal act of the third person in setting fire to the building." The instruction does exclude from the jury's consideration the criminal act of a third party but it does not deal with the issue of whether defendant could anticipate injury to plaintiff due to the fire on the issue of proximate cause. We have heretofore ruled that the fact that the fire was caused by the criminal act of a third person was immaterial on the issue of liability. The assignment is overruled.

Appellant next contends that "Instruction six erroneously conflicts with Instruction four in that it excludes from the jury's consideration the cause, kind and nature of the fire, and Instruction four permits the jury to consider such evidence on the issue of proximate cause." As stated above, Instruction four is an abstract statement of law that, if the negligence charged against defendant "did not directly and proximately cause or contribute *to cause plaintiff's injuries*" (italics ours) their verdict should be for defendant. Instruction six told them that "the fact that the fire in question was caused by the criminal act of a third person is entirely irrelevant and immaterial to any of the issues to be decided by you * * *." It did not exclude from consideration the kind and nature of the fire. One instruction is directed to the receipt of injuries and the other excludes the *cause* of the fire on the issue of proximate cause. The assignment is overruled.

Appellant finally contends that "the trial court erred in refusing to sustain defendant's motion to discharge the jury and declare a mistrial because plaintiff brought before the jury the fact that Pearl Hodges, a tenant in the building in question, had died as a result of burns received in the accident." Appellant says that "it was an abuse of the trial court's discretion to refuse to discharge the jury and declare a mistrial." The matter of discharging the jury for the cause mentioned has not been preserved for review in defendant's motion for a new trial. The assignment is overruled.

Finding no reversible error in the record, the judgment is affirmed.

All concur except WESTHUES, J., not sitting.