ANGEL MANUEL GINÉS MELÉNDEZ ET AL., Plaintiffs and Appellees, *v.* PUERTO RICO AQUEDUCT AND SEWER AUTHORITY, ETC., Defendant and Appellant.

No. 315. Decided November 15, 1962.

F. *Fernández Cuyar, Jesús A. González, Rafael A. González, Alex González,* and *Rafael Martínez Alvarez, Jr.,* for appellant. *Angel Manuel Ciordia* for appellees.

Division composed of Mr. Justice Pérez Pimentel, as Chief Judge of Division, Mr. Justice Rigau, and Mr. Justice Dávila.

MR. JUSTICE PÉREZ PIMENTEL delivered the opinion of the Court.

Ángel Manuel Ginés Meléndez, together with his parents, sued the Aqueduct and Sewer Authority of Puerto Rico, claiming damages as a result of a fall suffered by Ginés

when he tripped over a water meter installed by the Authority.

After a trial on the merits, the Superior Court rendered judgment ordering defendant to pay plaintiff Ginés the sum of $8,400 plus costs and $800 for attorney's fees. The aforesaid court made the following findings of fact, among others:

"3. At that time, the defendant Authority had installed in front of Jesús Colón's store on Km. 5 H. 7 of the road leading from Manatí to Morovis, in the ward Barahona of Morovis, one of those water meters with its corresponding lid, in such a way that it protruded from the ground level by seven (7) inches towards the store and four (4) inches towards the road.

"4. That on May 30, 1959, just before midnight, Ángel Manuel Ginés Meléndez—who came out of a wake in order to keep awake—went to the establishment of Jesús Colón and had a soft drink. Shortly thereafter, José Rafael Currás—who was drunk —invited him to go outside of the establishment, and when they got there, he tried to attack him with a bottle. José Rafael Currás went inside the establishment and Angel Manuel Ginés Meléndez began to walk towards his automobile, which was parked in front of Jesús Colón's house at the right side of the establishment. Someone yelled at him to be careful, that he was going to be attacked, and Ángel Manuel Ginés Meléndez— who was then in the middle of the sidewalk facing the establishment—turned around to face José Rafael Currás, who was heading towards him with a knife in his hand. Ángel Manuel Ginés Meléndez threw a kick at him, and José Rafael Currás stopped. The latter slowly advanced towards the former, and Ángel Manuel Ginés Meléndez began backing towards the car, steadily facing his aggressor. In so doing, Ángel Manuel tripped over the water meter kept by the Aqueduct and Sewer Authority, fell, and fractured his right leg."

Defendant-appellant maintains that the trial court erred (1) in deciding as a conclusion of law, that defendant's negligence was the proximate cause of the accident, and (2) in not deciding that the physical violence between plaintiff and José Rafael Currás was an intervening cause which interrupted the chain of events since the damages suffered

by plaintiff were not of the kind to be reasonably anticipated by defendant.

■■ The errors assigned were not committed. There is no rule of thumb to determine when the causes of an accident are proximate or when they are remote. Each case must be decided by taking into consideration its particular facts and circumstances. *Andino* v. *Central Victoria, Inc.,* 57 P.R.R. 301. The installation and maintenance of the water meter in the above-described way was a dangerous condition. *Cf. Ramos* v. *Carlo,* 85 P.R.R. 337 (1962). Appellant argues, however, that the proximate cause of the accident was not its remote act of installing and keeping the water meter above ground level, but that an intervening cause (the attack of a third party on appellee), was the proximate cause of the accident. To that effect appellant argues the following:

"The proximate cause is defined as that cause which in a natural sequence, and without the interruption or intervention of another efficient cause, produces the injurious result of which claim is made. (38 *American Jurisprudence*—Sec. 67) p. 721.

"To constitute negligence when two causes unite to produce an accident, the injuries must be those which under the circumstances, might have been reasonably foreseen or anticipated by defendant at the time the action alleged to be the cause took place. They must be the natural or probable consequence of the first negligent act. (42 L.R.A. (N.S.) 480.)

"An intervening cause is that which eradicates an original wrong as the proximate cause of the accident, breaking the sequence between the original wrong and the damages suffered. (66 A.L.R. 1121.)

"In this case, where an occurrence of such an impact intervened to cause the conflict between plaintiff and his aggressor, the act committed by the Aqueduct and Sewer Authority in installing the water meter became a remote agent of the damages alleged in the complaint. It is reasonable and logical that the law makes the proximate cause of the accident liable and not that cause which is remote from the alleged damages. (58 L.R.A. 399.)

"The test of the sufficiency of an intervening cause is not to be found in the mere fact of its existence, but rather in its nature and the manner in which it affects the continuity of operation of the primary cause, or the connection between it and the injury. (13 A.L.R. 1268.)

"The actor of the first negligent act was totally relieved of liability by an intervening and efficient cause when his negligence was merely a circumstance of the factors which gave rise to the damages and not the proximate and direct cause of the accident. (195 S.E. 88.)

"The intervening cause must be independent, sufficient and adequate to cause the resulting damages. (200 E. 791.)

"The test is the intervening cause. It was new and independent, acting of itself and dissipating the original cause, making it remote in the chain of causes although it might serve as a condition by which the damages were possible. (27 L.R.A. 583) (24 L.R.A. (N.S.) 978) (76 L.R.A. 1280).

"It has been generally decided that when the causes are independent one from the other, the nearest one must be considered as the proximate cause of the disaster. (95 U.S. 117.)

"The fight in which plaintiff became involved was the proximate cause of this accident as it can be interpreted from the decisions of our Supreme Court in the following cases (71 P.R.R. 454) and (55 P.R.R. 575)." (Appellant's brief, pp. 2 and 3.)

▆▆▆▆ An intervening cause, as stated by PROSSER [1] is one which comes into active operation in producing the result after the actor's negligent act or omission has occurred. A defendant ordinarily will not be relieved of liability by an intervening cause which could reasonably have been foreseen, nor by one which is a normal incident of the risk created. On the contrary, a defendant will ordinarily be relieved of liability by an unforeseeable and abnormal intervening cause which produces a result which could not have been foreseen. The general rule in American jurisdictions is that the mere fact that there is an intervening act by a third person, does not convert the actor's action in a remote cause, if he could

---

[1] PROSSER, Torts 266 (2d ed.).

or should have foreseen that intervention. *United States v. White*, 211 F.2d 79; *McEvoy v. American Pool Corp.*, 195 P.2d 783; *Nichols v. City of Phoenix*, 202 P.2d 201; *Warner v. Santa Catalina Island Co.*, 282 P.2d 12; *Atlanta Gas Light Co. v. Mills*, 51 S.E.2d 705; *Curtis v. Jacobson*, 54 A.2d 520.

■■ As stated in many cases, a new unforeseeable force breaks the chain of causality. Thus, when the voluntary act of a liable person is interposed between defendant's negligent conduct and the damages suffered by plaintiff, the problem of foreseeability is the same, and it may serve as a measure to determine whether defendant's conduct is one of the proximate causes of the accident.[2]

■ We have followed this doctrine of foreseeability in our jurisdiction. *Colón v. Shell Co.*, 55 P.R.R. 575; *Baralt v. Commonwealth*, 83 P.R.R. 268.

■ Of course, we would have to relieve defendant from liability if we accept its argument that "it was impossible to foresee the dangerous condition in which plaintiff found himself." But the rule of foreseeability does not mean that the precise risk or the exact result which was encountered should have been foreseen. The essential factor is to be under the duty to foresee, in a general way, consequences of a particular type. It is no defense to allege that the precise course or the full extent of the consequences could not be foreseen, the consequences being of such kind, which in fact happened. 2 HARPER AND JAMES, The Law of Torts 1147.

In *Moore v. St. Louis Southwestern Railway Company*, 301 S.W.2d 395, citing from *Gaines v. Property Servicing Co.*, 276 S.W.2d 169, the law is set forth in the following manner:

" . . . The general rule is 'that if a defendant is negligent and his negligence combines with that of another, or with any

---

[2] See 2 HARPER AND JAMES, The Law of Torts 1134, § 20.5.

other independent, intervening cause, he is liable, although his negligence was not the sole negligence or the sole proximate cause, and although his negligence, without such other independent, intervening cause, would not have produced the injury.' (Citations).

"The rule further is that ' . . . if the initial act or omission is one from which harm is the natural, probable and foreseeable consequence then he who performs the original act or makes the original omission is liable, notwithstanding the fact that other causes, conditions or agencies intervene between his negligence and the ultimate result.' . . . "

 In other words, defendant is liable if his negligence is a proximate cause of the damage although it might not be the sole proximate cause of such damage. *Caldwell* v. *St. Louis Public Service Company*, 275 S.W.2d 288; *Boyd* v. *Terminal Railroad Ass'n of St. Louis*, 289 S.W.2d 33.

 It is further well settled that liability does not depend alone upon whether, in the exercise of reasonable diligence, the defendant could foresee or ought to have foreseen, the very injury complained of, but the party charged with negligence may be held liable for anything which, after the injury is complete, appears to have been a natural and probable consequence of his act or omission. It is therefore unnecessary that the defendant should have anticipated the very injury complained of or anticipated that it would have happened in the exact manner that it did. *Gaines* v. *Property Servicing Company*, *supra*. Thus in view of the foregoing, the point at issue in the case at bar is not limited to determining whether defendant-appellant should have foreseen that plaintiff was going to trip over the water meter when forced to retreat in order to avoid being attacked by another. Rather, what defendant was under the obligation to foresee was that since the installment of the water meter was a dangerous condition, one of the consequences of this act could be that any person could trip over the water meter, in circumstances in which for various reasons alien to his

will, it would be impossible for him to keep his eye in the place where defendant had created a dangerous situation. In short, the criminal act of Currás does not relieve defendant from liability for the damages suffered by plaintiff when he tripped over the water meter and fell because (1) defendant negligently created and maintained a dangerous condition in installing the water meter in the aforesaid manner, and (2) the probability that for some reason a prudent person could trip over the water meter and suffer injuries, and (3) the existence of the dangerous situation created by defendant, was a proximate cause of damage.

Plaintiff in this case did not claim from defendant damages for the injuries inflicted by his aggressor but for those which he suffered as consequence of the fall when he tripped over the water meter. We believe, after considering the circumstances involved, that compensation for those damages lay, and in so deciding, the trial court did not commit error. *Cf. Matos* v. *Pabón*, 63 P.R.R. 855.

The judgment appealed from will be affirmed.