John ANNIN, Plaintiff-Respondent,

v.

BI–STATE DEVELOPMENT AGENCY,
Defendant-Appellant.

No. 43606.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 30, 1983.

Elbert A. Walton, Jr., Freeman, White-field, Montgomery & Walton, St. Louis, for defendant-appellant.

James S. Collins, II, St. Louis, for plaintiff-respondent.

STEWART, Presiding Judge.

Defendant, Bi-State Development Agency, appeals from a judgment in a jury tried case awarding plaintiff damages for personal injuries and property damage resulting from an accident between an automobile that plaintiff was operating and a bus owned and operated by Bi-State. This cause was previously dismissed because the record then before us did not show the timely filing of a motion for new trial. Leave was granted to supplement the record. The supplementary record revealed that a timely motion had been filed. The dismissal was set aside and the cause was resubmitted.

Defendant's bus that was northbound on Broadway, making a left turn into Taylor Avenue and plaintiff's southbound automobile collided in the intersection. Each claimed to have had a favorable electric traffic signal. Plaintiff contended he had a green light and defendant's driver claimed he had a green left turn arrow.

The jury found the issues in favor of plaintiff and rendered a verdict in his favor and awarded damages in the sum of $15,000.00 for personal injuries and in the sum of $3,000.00 for property damage.

Defendant presents us with 27 points relied on. We reverse for retrial on one issue.

We will first consider those issues raised by defendant that relate to the question of

whether he was the real party in interest so as to be the person entitled to bring this action insofar as property damage is concerned.

On direct examination plaintiff testified that he owned the automobile that was involved in the collision. On cross-examination plaintiff testified that his father, William Annin, did not own the automobile. He also testified that the automobile was sold for salvage by "[t]he insurance company." Defense counsel sought to show that the collision loss was paid to William Annin but was precluded from doing so upon plaintiff's objection that it would inject the consideration of insurance into the case.

Plaintiff had previously filed a motion in limine in two parts. The second portion of the motion reads as follows:

> (b) That at the time of the collision plaintiff's automobile was covered by collision insurance with the Auto-Owners Insurance Company and thereafter plaintiff made a collision claim under said coverage and received payment as a result thereof, however, plaintiff had (sic) no time assigned his right of collection to said insurance company and therefore plaintiff is still the Real Party in Interest in this case.

The motion then sought to preclude defendant from using any pleading, testimony, remarks, questions or arguments that might inform the jury of such facts.

Before trial the court had overruled the motion as to part (b) set out above but during cross-examination of plaintiff it sustained part (b) of the motion. The effect of the court's action at this stage of the trial was to sustain plaintiff's objection to defendant's questions respecting the matters set out in the motion.

Also related to this issue defendant offered to prove through the insurance adjuster who processed the collision claim that he handled the collision claim on the automobile; a proof of loss was signed by William Annin, plaintiff's father, in which the father claimed to be the sole owner of the automobile, except for a security interest held by a bank; that payment of the collision claim was made to William Annin, plaintiff's father; and that William Annin had signed a subrogation receipt that assigned the claim for property damage to the insurance company. The witness had copies of the documents with him which plaintiff agreed were authentic. This witness also would testify that the named insured in the policy was William Annin and that plaintiff was listed as an additional insured. Defendant's offer of proof was denied.

Although mention was made by the parties that copies of the title were available neither party offered this evidence.

The parties tried the case on the theory that ownership of the automobile was an issue in the case.

The issue before us is thus narrowed to a question of whether the evidence sought to be elicited was admissible to contradict plaintiff's testimony that he was the owner of the automobile.

Under the posture in which this case was tried ownership of the vehicle was an issue and plaintiff had the burden of proof. Plaintiff at this point urges that the defendant's evidence was inadmissible because the best evidence of ownership is the certificate of title. It is true that the certificate of title is the best evidence of the contents of the certificate and absent a showing that it is unavailable it is error to permit oral testimony of its contents. *Schwarz v. Gage,* 417 S.W.2d 33, 38 (Mo. App.1967). Plaintiff, who had the burden of proof, testified that he owned the automobile; that title was in his name alone. He did not produce the certificate of title. Defendant did not object to the conclusory oral testimony and waived the error in its admission. *Bourne v. Manley,* 435 S.W.2d 420, 427 (Mo.App.1968). Plaintiff's testimony that he owned the automobile, absent an objection, has no greater effect than the certificate of title which "is but prima facie evidence of ownership and is vulnerable to rebuttal." *Manchester Insurance & Indemnity Co. v. State Farm Mutual Auto Insurance Co.,* 460 S.W.2d 305, 308 (Mo.App. 1970).

■ Plaintiff's ownership of the automobile was an element of his cause of action for property damage. Any evidence tending to show that plaintiff was not the owner of the automobile at the time of the collision is competent and relevant. It has been held that the fact that a party had indemnity insurance on an automobile is a circumstance tending to show that he owned the car and was admissible for the purpose of showing that he was the owner of the vehicle. *Paepke v. Stadelman*, 222 Mo.App. 346, 300 S.W. 845, 847 (1927).

■ In this case the proffered evidence was that William Annin was the named insured in a policy that provided collision coverage on the automobile. Before one can obtain vehicle coverage under a policy covering damage or loss of property by reason of fire, theft or collision the insured must have an insurable interest in the property at the time of loss. *Horton v. State Farm Fire & Casualty Co.*, 550 S.W.2d 806, 809 (Mo.App.1977).

■ The fact that William Annin was the named insured was some evidence of ownership of the vehicle by one other than plaintiff. Defendant should have been permitted to pursue this line of inquiry in cross-examination of plaintiff and in its offer to provide this evidence through the insurance adjuster. *Paepke*, 300 S.W. at 847. The proof of loss and the subrogation receipt signed by William Annin were hearsay and not binding upon the plaintiff. *Houfburg v. Kansas City Stock Yards Co. of Maine*, 283 S.W.2d 539, 549 (Mo.1955). The adjuster, however, could testify that he had made payment of the loss under the policy to William Annin based upon a claim by William Annin who executed a proof of loss and subrogation receipt.

We hold that the trial court erred in limiting cross-examination on this issue and in denying the offer of proof to the extent set out herein.

We consider next other issues to determine the extent of retrial.

■ Defendant complains that the court erred in sustaining that part of plaintiff's motion in limine that would prevent defendant from introducing evidence that plaintiff had been issued a traffic citation for failing to have a valid driver's license in his possession at the time of the collision. We confine our consideration to the issue as raised by the point relied on. *Gover v. Empire Bank*, 574 S.W.2d 464, 468 (Mo.App. 1978). An order sustaining a motion in limine is an interlocutory order subject to change by the court when the subject matter of the order is presented to the court in proper perspective in the trial of the case. *State v. Riggs*, 586 S.W.2d 447, 449 (Mo. App.1979). It is merely a preliminary expression of the court's opinion as to the admissibility of the evidence. The point was not available for review. See *State v. Woods*, 639 S.W.2d 818 (Mo.1982).

■ Had the matter been properly presented there would be no merit to this contention. The essence of defendant's contention is that the evidence was material in that it went to plaintiff's competency as an operator of a vehicle. Defendant had not pleaded contributory negligence in this case. The evidence was not material to the issues raised by the pleading. *Fassi v. Schuler*, 349 Mo. 160, 166, 159 S.W.2d 774, 776–77 (1942). In any case defendant was permitted to ask if plaintiff had been convicted of failing to have a valid driver's license.

Defendant complains that the court should have granted its motion for mistrial or continuance because the factual matters contained in the motion in limine were a surprise to it.

Our ruling that evidence concerning the traffic summons was not material to the issues and our holding with respect to the exclusion of evidence on the question of ownership of the car dispose of this issue.

■ Defendant contends that the court erred in the admission of photographs of plaintiff's automobile because plaintiff failed to lay a proper foundation. Plaintiff testified that the photographs were of his automobile; he recognized it as showing the damages fairly and accurately. The trial

court did not abuse its discretion in admitting the photographs. *Chandler v. Gorda,* 384 S.W.2d 523, 528 (Mo.1964).

Defendant complains that he was limited in his cross-examination of plaintiff in that he was not permitted to ask about the number of cars in the area of the accident. The transcript shows that objections were sustained as to the original form of the question but that defendant upon clarification of the question was permitted to fully develop the evidence that he sought from plaintiff. There was no error.

Defendant contends that the court erred in permitting plaintiff's examining physician to testify that preliminary to his examination the plaintiff told him that he had been in an accident with a bus and sustained superficial lacerations of his forehead, nose and injury to his neck and upper back; that he was taken to City Hospital and later came under the care of Dr. Ben Borowsky. This evidence was hearsay. We must consider whether it was prejudicial.

Plaintiff had previously testified in detail to the matters related in general terms by Dr. Rifkin. Dr. Rifkin did not give any details of the collision. There was no controversy as to the fact that a collision had occurred. We believe that we are bound by the holding of the Supreme Court in *Hunter v. St. Louis Southwestern Railway Company,* 315 S.W.2d 689, 696 (Mo.1958). In circumstances similar to this case the court held that the hearsay testimony of the doctor was not prejudicial.

As to defendant's next point relied on we can say that the court did not err in taking judicial notice of the fact that a motor vehicle travels 1.5 times its speed in feet in one second. *Danner v. Weinreich,* 323 S.W.2d 746, 752 (Mo.1959).

The court did not err in permitting the plaintiff to read portions of a deposition as admissions of the defendant. Under Rule 57.03(b)(4) when deposing a public or private corporation, partnership, association or government agency that is properly noticed and the matters to be covered are described with reasonable certainty, the organization must designate a person to testify on behalf of the deponent. Defendant designated the bus driver to testify on its behalf. The deposition was not that of the bus driver as an individual but under Rule 57.03(b)(4) it was the deposition of the corporate defendant. The admissions were those of defendant and were admissible. *White v. Burkeybile,* 386 S.W.2d 418, 422–23 (Mo.1965).

The court did not err in permitting plaintiff to read the deposition.

We have carefully reviewed all of the other points relied on by defendant. They have either been disposed of by what we have heretofore said or have no merit and raise no issues of precedential value. We find no prejudicial error other than that which goes to the issue of ownership of the vehicle that plaintiff was driving at the time of the collision.

Under Rule 84.14 we are directed to refrain from ordering a new trial "as to issues in which no error appears." *Kickham v. Carter,* 335 S.W.2d 83 (Mo.1960). As stated above the reversible error affects only the issue of ownership of the vehicle. There was no other prejudicial error in the case. We therefore remand the cause to the circuit court for the limited purpose of trying the issue of the real party in interest as to property damage. The judgment as to liability and the amount of damage for personal injury and for property damage to be held in abeyance pending the determination of the issue of whether plaintiff is the real party in interest after which an appropriate final judgment shall be entered by the trial court.

STEPHAN and CRANDALL, JJ., concur.