**STATE of Missouri, Respondent,**

v.

**Alonial JACKSON, Appellant.**

**No. WD 33043.**

Missouri Court of Appeals,
Western District.

Oct. 19, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Overruled and Denied
Nov. 30, 1982.

Application to Transfer Denied
Jan. 17, 1983.

Roy W. Brown, Kansas City, for appellant.

Michael D. Arnold, Gallatin, for respondent.

Before KENNEDY, P.J., and WASSERSTROM and MANFORD, JJ.

KENNEDY, Presiding Judge.

The defendant, Alonial Jackson, was convicted upon jury trial of driving while intoxicated, § 577.010, RSMo 1978, a Class B misdemeanor. The jury assessed punishment at 30 days' imprisonment and a $250 fine. Jackson appeals to this court with five allegations of error.

The appellant was arrested in the early morning of June 19, 1980, by Sgt. Myron Garrett of the Highway Patrol. Sgt. Garrett testified that shortly after midnight he saw Jackson speeding and weaving on the highway and therefore pulled him over. Garrett asked Jackson to get out of his car, whereupon the two walked to the back of Jackson's car and talked. In the interim, at approximately 12:15, an additional officer, Cpl. Liebig, arrived on the scene. All three went to the front of Jackson's car to check the engine for overheating. Garrett testified that, during the entire time, he observed the appellant's physical condition. He smelled a moderate odor of beer about the appellant and noticed that he had a flushed face, mussed clothes, bloodshot eyes, slurred speech and an unsteady walk. Garrett testified that he observed the appellant for approximately 30 minutes.

The appellant was then taken to the Cameron zone office for a breathalyzer test. Cpl. Liebig remained at the scene to wait for the wrecker to tow Jackson's car. The test was administered at 12:40 a.m. by Garrett, with Liebig as witness, and Jackson was then issued a ticket for driving while intoxicated. The ticket, Defendant's Exhibit 2, indicates that Jackson was arrested at 12:30 a.m. Sgt. Garrett testified that this was a mistake and that he should have written "12:10 a.m." instead.

Both Garrett and Liebig testified as to the procedures followed in administering the breathalyzer test to the appellant. Both stated that the machine was in working condition and that the test itself was properly administered. The test revealed a .19 percent reading from Jackson's breath sample.

The appellant testified on his own behalf and denied being intoxicated on the morning of June 19, 1980. He stated that he drank approximately four beers between 2:30 and 4:30 the afternoon of June 18, but did not drink any more that day.

1. *Reducing jury panel size to correct number by unsystematic strikes by court before peremptory challenges.*

The appellant's first point is aimed at the trial court's striking from the list of veniremen eight of the panel members, thereby reducing the panel to sixteen qualified veniremen, from which list of sixteen the state and the defendant were to make respective peremptory challenges. There were thirty-four numbered names on the jury list. Two of them were absent. After the voir dire examination was completed, eight of the panel members were excused for cause, leaving twenty-four qualified panel members on the list. The court at this point, by striking through their respective names and adding the notation "Court", eliminated veniremen Nos. 3, 15, 18, 23, 26, 30, 32 and 34. This left sixteen qualified panel members from whom the parties were to make their strikes.

The appellant criticizes the trial court's procedure on the ground that he should have eliminated the bottom eight on the jury list, rather than picking and choosing at random among the list of jury panel members.

Defendant concedes that there is no authority for his position. Section 546.180.3, RSMo (Supp.1981), does require that if more than 12 jurors remain on the list *after the parties have exercised their peremptory challenges,* then the first 12 shall constitute the jury. Here the cut was made before the parties exercised their peremptory challenges.

■ While we do not wish to endorse the practice of unsystematic striking of excess veniremen, as was done in the present case, yet we do not find it to constitute error. The defendant does not argue that he did not have a full panel of qualified veniremen to which he was entitled, before he was required to exercise his peremptory challenges. *State v. Murphy,* 610 S.W.2d 382, 389 (Mo.App.1980); *State v. Roberts,* 604 S.W.2d 765, 767 (Mo.App.1980).

■ Furthermore, the appellant requested only the radical remedy of quashal of the jury panel and a mistrial. He did not ask the court to strike the bottom eight on the jury list, leaving the top sixteen. At the time the appellant moved for the quashal and the mistrial, it would have been perfectly feasible and practical for the court, if he believed he had erred and wished to correct the error, to have reinstated those he had stricken from the jury list and to have stricken the bottom eight instead. A mistrial will not be granted where a less dislocative remedy would suffice. *State v. Jones,* 594 S.W.2d 932, 937 (Mo.1980). There is no question that the trial court correctly overruled appellant's request for a quashal of the panel and for a mistrial.

2. *Advising jury as to range of punishment.*

Appellant's second point is that the court gave to the jury instruction MAI–CR 2d 2.60 without modification, and refused to give a modified MAI–CR 2d 2.60 tendered by himself.

Appellant makes the argument, now quite familiar to this court, that MAI–CR 2d 2.60 is deficient, in that it fails to "instruct the jury as to the range of punishment authorized by statute and upon a finding of guilty to assess and declare the punishment as a part of their verdict ..." The modification of MAI–CR 2d 2.60 in the instruction tendered by defendant added the following paragraph:

A fine may be imposed by the court only in accordance with applicable statutes, whether or not assessed and declared by the jury, and any fine so assessed and declared by the jury may be increased, decreased or omitted by the court in accordance with such statutes.

■ As authority for his position, appellant cites State v. Van Horn, 625 S.W.2d 874 (Mo.1981), where our Supreme Court

took up the very argument which appellant now makes. In that case, the court rejected appellant's position and approved the giving of instruction in MAI–CR 2d 2.60 without modification. On the authority of Van Horn we reject defendant's argument in this case. See also *State v. Bradford,* 627 S.W.2d 281, 284 (Mo.1982); *State v. Vance,* 633 S.W.2d 442, 444 (Mo.App.1982); *State v. Slater,* 633 S.W.2d 439, 440–41 (Mo.App. 1982).

It is true that Van Horn recommended, 625 S.W.2d at 878, that the court should tell the jury, by a modification of MAI–CR 2d 2.60, that: "In addition, you may recommend that the court assess fine in lieu of any imprisonment or in addition to any imprisonment which you may declare. The maximum fine which the court may impose is $_____ [or an amount not exceeding double the amount of defendant's gain from the commission of a crime]."

That recommendation of the Supreme Court, coming as it did six months after the trial of the case now before us, is prospective in its operation and its omission in the present case is not reversible error. *State v. Walker,* 616 S.W.2d 48, 49 (Mo.banc 1981); *State v. Shafer,* 609 S.W.2d 153, 157 (Mo.banc 1980). Cf. *Smile v. Lawson,* 506 S.W.2d 400, 401 (Mo.1974). Whether its omission in a case tried after Van Horn would ever be prejudicial error is a question we cannot, of course, anticipate. See *State v. Moland,* 626 S.W.2d 368, 370 (Mo.1982), where the complete omission of MAI–CR 2d 2.60 was not considered to be prejudicial error under the plain error rule of Supreme Court Rule 30.20.

3. *Necessity to instruct on driving with .10% alcohol in blood, Sec. 577.012, where state charges and submits on driving while intoxicated.*

For his third point appellant says the court should have instructed on the "alternative offense" of driving while having .10 of 1 percent or more by weight of alcohol in the blood, § 577.012, RSMo 1978.

It is settled that the offense of driving with a blood alcohol content of .10 per-

cent or over is not a lesser-included offense of driving while intoxicated. *State v. Bush,* 595 S.W.2d 386, 390 (Mo.App.1980). The former offense was therefore not submissible on the lesser-included offense theory.

It appears that the state's evidence would have supported a conviction of either of the two offenses. In such case, when a single act may constitute an offense under two different statutes, it is up to the state to elect which statute to proceed under. In this case the state charged the defendant with driving while intoxicated, § 577.010, RSMo 1978, and submitted its case under that charge. The court was entirely correct in refusing to submit under § 577.012, RSMo 1978; *State v. Koen,* 468 S.W.2d 625, 629 (Mo.1971); *State v. Wallach,* 353 Mo. 312, 182 S.W.2d 313, 319 (1944); *State v. Malveaux,* 604 S.W.2d 728, 735 (Mo.App.1980).

4. *Admission of breathalyzer results.*

Appellant's next complaint is of the admission into evidence of the breathalyzer test results, which showed that defendant had .19 percent alcohol in his blood. He says the test results were inadmissible because the officers failed to comply with Department of Health rules in giving the test, § 577.020.2, RSMo 1978.

The first point at which appellant claims the officers failed to follow the Department of Health rules was that they failed to observe him for at least 20 minutes prior to giving the test, as required by one of such rules. The time of the test was 12:40 o'clock a.m. The time of the arrest was shown on a written report form as 12:30 o'clock a.m., which would allow only 10 minutes for observation. The officer testified, however, that the 12:30 a.m. was incorrect for time of arrest, that he had erroneously written down that time, and the actual time of the arrest was 12:10 o'clock a.m. At another place on the form for "period of time during which the defendant was under the officer's observation" the time of "30 minutes" was typed in. It was for the court to determine on the basis of the testimony before him

whether the officer had observed defendant for the requisite length of time and to resolve any conflicts or discrepancies in the testimony in order to make such determination as a basis for admitting the test results. There was substantial evidence from which the court could find, as he implicitly did in overruling defendant's objection to the test results, that the officer had observed the defendant for as long as 20 minutes before administering the test. We will not disturb his finding. *State v. Powell*, 618 S.W.2d 47, 49 (Mo.App.1981); *State v. Cook*, 530 S.W.2d 38, 40 (Mo.App.1975); *State v. Hanrahan*, 523 S.W.2d 619, 621 (Mo.App.1975). Cf. *State v. Durham*, 418 S.W.2d 23, 30 (Mo.1967) (overruled on other grounds, *Guastello v. Dept. of Liquor Control*, 536 S.W.2d 21, 25 (Mo.banc 1976)); *State v. Helm*, 624 S.W.2d 513, 515 (Mo. App.1981); *State v. Boyington*, 544 S.W.2d 300, 305–6 (Mo.App.1976). Defendant then was entitled to, and did, cross-examine the officer about the time discrepancy for whatever bearing it might have upon the weight to be given by the jury to the breathalyzer results.

Appellant then calls our attention to a Health Department rule which requires the operator of the breathalyzer to "adhere strictly to the operating procedure set forth by the manufacturer of the device." Defendant complains of the admission into evidence of the record of the test results upon a form evidently prescribed by the State Highway Patrol rather than by the manufacturer of the testing device. Defendant says that the test results, in order to be admissible, should have been recorded upon a form furnished by the manufacturer. Defendant produced such manufacturer's form which was refused admission into evidence. The "operating procedures" mentioned in the rule, however, do not include the recording of the results. There was no error in admitting the test results recorded on the Highway Patrol form. The officer was not required to record the results on the manufacturer's form.

5. *Sufficiency of evidence.*

For his fifth and final point, appellant challenges the sufficiency of the evidence to make a submissible case.

 In determining the sufficiency of the evidence, all the evidence is viewed in the light most favorable to the verdict and all contrary evidence and inferences are disregarded. *State v. Harris*, 602 S.W.2d 840, 842 (Mo.App.1980); *State v. Green*, 575 S.W.2d 211, 212 (Mo.App.1978). The evidence recounted in our statement of facts near the beginning of this opinion are entirely sufficient to support the verdict of guilty of driving while intoxicated.

The judgment is affirmed.

All concur.