**STATE of Missouri, Respondent,**

v.

**Daniel B. ROBERTSON, Appellant.**

**No. WD 40740.**

Missouri Court of Appeals, Western District.

Jan. 24, 1989.

Roy W. Brown, Kearney, for appellant.

Hugh C. Harvey, Marshall, for respondent.

Before SHANGLER, P.J., and CLARK and NUGENT, JJ.

SHANGLER, Presiding Judge.

The appellant Robertson was convicted of driving a motor vehicle with excessive blood alcohol content in violation of § 577.012, RSMo.1986, a class C misdemeanor. His appeal claims that the judgment was rendered on an invalid information and so must be set aside.

A state trooper stopped the appellant, then in the operation of a motor vehicle, for failure to display a front license plate. The trooper noticed that the eyes of the appellant were bloodshot and detected that he gave off a faint odor of alcohol. The trooper administered field sobriety tests, placed the appellant under arrest for driving while intoxicated, and transported Robertson to the county jail to administer a breath test to determine blood alcohol content. The test result indicated that the appellant had .105 of one percent by weight of alcohol in his blood.

The appellant was charged by information which alleged violation of § 577.010, a class B misdemeanor, in that Robertson "operated a motor vehicle in an intoxicated condition." Two days before trial, the prosecutor amended the information to charge a violation of § 577.012, a class C misdemeanor, in that the defendant operated a motor vehicle with "ten-hundredths of one percent or more by weight of alcohol in his blood." The appellant attacked the amended information as invalid on the ground that it charged a different offense than the original information and moved the dismissal of the formal charge and for his discharge. The motion was denied, the case was submitted to a jury, the appellant was found guilty and was sentenced to pay a fine. The motion for judgment of acquittal n.o.v. was denied by the trial court.

On this appeal Robertson reasserts that the amended information was invalid because it charged a different offense than the original information, and hence, the conviction and judgment which rest on that information are null.

Rule 23.08 states:

Any information may be amended or substituted for an indictment at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced. . . .

It has been uniformly and consistently construed to mean that "it is not permissible

to amend an information if the effect of the amendment is to charge an offense different from the one originally charged." *State v. Amerson,* 661 S.W.2d 852, 852 (Mo.App.1983). This rule does not apply if the subsequent charge is a lesser included offense of the initial charge since, in the contemplation of law, they are the same. *McKown v. State,* 682 S.W.2d 38, 40[2] (Mo.App.1984). The offense of driving a motor vehicle with excessive blood alcohol is not a lesser included offense of driving while intoxicated. *State v. Watts,* 601 S.W. 2d 617, 621[5] (Mo.1980); *State v. Jackson,* 643 S.W.2d 74, 77[5] (Mo.App.1982). The presence in the blood of .105 of one percent by weight of alcohol, although essential to the proof of the offense of driving a motor vehicle with excessive blood content, is not an element of driving a motor vehicle while intoxicated. That offense does not need proof of chemical content, but can be proven by opinion evidence alone. *State v. Blumer,* 546 S.W.2d 790, 791[1, 2] (Mo.App. 1977); *State v. Bush,* 595 S.W.2d 386, 389[10, 11] (Mo.App.1980). Nor, therefore —as the prosecution argues—does the same evidence apply to the proof of both.

■ To invest a court with jurisdiction over an accused in a criminal cause there must be an information formally filed which charges the accused with the offense to which he pleads. *State v. Gladies,* 456 S.W.2d 23, 24[1, 2] (Mo.1970). An amendment which charges an offense distinct and different from that in the original information charges an offense to which the accused does not plead and invests no jurisdiction in the court to convict of the offense. *Id.* at 25[3–5]. On these principles, the information by which the defendant was charged was fatally defective, the prosecution was without jurisdiction, and the conviction which derived was without validity. *Montgomery v. State,* 454 S.W.2d 571, 574[1, 2] (Mo.1970); *Gladies,* 456 S.W. 2d at 24[1, 2].

■ The prosecution argues nevertheless that the conviction must be affirmed because the defendant was not prejudiced by the amendment. The prejudice to an accused of an amendment to an information which results in a charge of a different offense is implicit. A judgment of conviction rendered on such an amendment, on principle, rests on the nullity of a nonexistent charge, and so "rises to a denial of due process of law." *McKown,* 682 S.W.2d at 40[1]; *Montgomery,* 454 S.W.2d at 574[1]; *Amerson,* 661 S.W.2d at 853.

■ The conviction is reversed. We do not remand for further proceedings as in the usual course because prosecution for driving a motor vehicle with excessive blood alcohol is now foreclosed by the statute of limitations. The one year statute of limitations [applicable to both the original charge of operation of a motor vehicle in an intoxicated condition and the attempted charge of driving a motor vehicle with excessive blood alcohol] has since lapsed. It was not tolled because there was no prosecution pending within the meaning of § 556.036.6(3) RSMo 1986. *State v. Priest,* 660 S.W.2d 300, 307[11–12] (Mo.App.1983).

The conviction is reversed and the defendant is ordered discharged.

All concur.