**STATE of Missouri, Respondent,**

v.

**Jimmy Dean PIKEY, Appellant.**

No. 62593.

Missouri Court of Appeals,
Eastern District,
Division Seven.

July 13, 1993.

Nancy Narrow Gaultney, Perryville, for appellant.

Thomas L. Hoeh, Pros. Atty., Perry County, Perryville, for respondent.

KAROHL, Chief Judge.

Defendant, Jimmy Dean Pikey, was convicted of driving while his license was revoked in violation of § 302.321 RSMo Cum. Supp.1992. The court sentenced defendant to 30 days in the county jail, suspended execution of the sentence, and placed defendant on probation. One of defendant's two claims of error requires a reversal of the conviction. Defendant was not charged and not tried for violation of § 302.321. He was charged and tried for violation of § 303.370 RSMo 1986. The state did not file a brief.

The basic facts are as follows: On December 9, 1991, Officer James Rice stopped defendant's car and issued a Missouri Uniform Complaint and Summons. The alleged violation was driving a motor vehicle while his license was revoked "for future [sic] proof of ins. [insurance] Case # 0532153," in violation of "§ 303.370 RSMo 1986."

Officer Rice testified as the state's only witness. After Officer Rice testified, the prosecutor was permitted to amend the charge by crossing out "for future proof of ins. Case # 0532153" and rested his case. Subsequently, defendant moved for acquittal because no violation of § 303.370 had been proved. This is correct and not in dispute. The state, over defendant's objections, attempted another amendment to the charge by changing § 303.370 to § 302.321 on the grounds that defendant's license was suspended under provisions of Chapter 577, which comprises public safety offenses, including failure to submit to a breathalyzer. The court permitted this amendment and convicted defendant of driving while his license was revoked pursuant to § 302.321.

On appeal, defendant argues the amended information filed after the state rested was invalid because it charged a different offense than the original information on which the case was tried.

Supreme Court Rule 23.08 provides in part: "Any information may be amended ... at any time before verdict or finding if no additional or different offense is charged and if a defendant's substantial rights are not thereby prejudiced." It has been uniformly and consistently construed to mean that "it is not permissible to amend an information if the effect of the amendment is to charge an offense different from the one originally charged." *State v. Robertson*, 764 S.W.2d 483, 484–85 (Mo.App.1989). This rule does not apply if the subsequent charge is a lesser included offense of the initial charge because, in the

contemplation of law, they are the same. *Id.* at 485.

The offense of driving while license is revoked for failure to submit to a breathalyzer test in violation of Chapter 577 is not a lesser included offense of driving while license is revoked for failure to have insurance in violation of Chapter 303. The amendment therefore resulted in an altogether different charge. The prejudice is obvious. *Id.* An amendment that charges an offense distinct and different from that in the original information charges an offense to which the accused does not plead and invests no jurisdiction in the court to convict of the offense. *Id.*

On these principles, the information by which the defendant was convicted was fatally defective, the court was without jurisdiction, and the conviction which derived was void. The conviction is reversed.

PUDLOWSKI and CRANDALL, JJ., concur.