**Lawanda DAVIS, et al.**
**Plaintiffs/Appellants,**

v.

**Barbara A. BYRAM,**
**Defendant/Respondent.**

**No. ED 77548.**

Missouri Court of Appeals,
Eastern District,
Division Two.

Sept. 19, 2000.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 2, 2000.

Application for Transfer Denied
Dec. 5, 2000.

Lawrence O. Wollbrand, St. Louis, for appellants.

Robert Joseph Wulff, St. Louis, for respondent.

WILLIAM H. CRANDALL, Jr., Judge.

Plaintiffs, Lawanda Davis, Patricia Wordlaw, Angela Wordlaw, Stephanie Greer and Forice Nowden (hereafter collectively referred to as Davis), brought an action against defendant, Barbara A. Byram, under the theories of negligence per se and common law negligence arising from a fire at Byram's building. Davis appeals from the trial court's judgment granting Byram's motion for summary judgment. We affirm.

On March 12, 1999, a fire occurred at 1436 Salisbury in the City of St. Louis and six children died. The police charged an individual with six counts of murder, arson and other crimes for setting the fire. Byram was the owner, landlord and manager of the property known and numbered as 1436 Salisbury in the City of St. Louis.[1] She rented portions of the first, second and third floors of the property to tenants and there was no fire escape on the exterior of the building. A report by the City of St. Louis Fire Department reflects that the six children who died were found on the "third level" of the building.

The second amended petition pleaded an action for wrongful death and damages. Davis alleged that section 320.010[2] imposed a duty on Byram to provide a fire escape "in relation to the third floor," and this failure was negligence per se. Davis also alleged common law negligence. On motion of Byram, the trial court granted summary judgment in her favor.

The guidelines for our review of summary judgment are set forth in the oft-cited *ITT Commercial Finance Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371 (Mo. banc 1993).

Davis first argues that the trial court erred in granting Byram's motion for summary judgment as to the negligence per se

---

1. The property's address is sometimes referred to as 1434–1436 Salisbury.

2. All statutory references are to RSMo.1994 unless otherwise indicated.

counts because section 320.010 "placed a duty on the defendant landlord to provide a fire escape reaching the height of the third story."[3] Section 320.010 provides in part:

> It shall be the duty of the owner, proprietor, lessee, trustee, or keeper of every hotel, boarding and lodging house, tenement house, schoolhouse, opera house, theatre, music hall, factory, office building, except fireproof office buildings in which all structural parts are wholly of brick, stone, tile, concrete, reinforced concrete, iron, steel, or incombustible material, and which are not used for lodging purposes in the state of Missouri, and every building therein where people congregate or which is used for a business place or for public or private assemblages, which has a height of three or more stories, to provide said structure with iron or steel stair or tubular fire escapes attached to the exterior of said building and by staircases located in the interior of said building.

In her motion for summary judgment, Byram asserted that under the 1996 BOCA National Building Code (BOCA Code), adopted by the City of St. Louis, she was both prohibited from installing a fire escape and was not required to build a fire escape from the third floor of the building.[4] Byram also asserted that under section 320.020 the attachment and construction of fire escapes to buildings within a city are subject to the approval and supervision of the commissioner or superintendent of public buildings. This section provides that "When fire escapes are to be attached to buildings within a city, they shall be constructed under the supervision of and subject to the approval of the commissioner or superintendent of public buildings within such city...." Byram further asserted that under section 320.030 the number of fire escapes to be attached to a building, as required in Chapter 320, shall be determined by the commissioner or superintendent of public buildings. Section 320.030 provides that "The number of fire escapes to be attached to any one building, as required in this chapter, shall, when the building is located within a city, be determined by the commissioner or superintendent of public buildings within such city...." Byram concluded by stating that she was under no legal obligation to build, and was in fact prohibited from building, a fire escape, she complied with all applicable ordinances and did not violate any laws or regulations pertaining to the means of egress, and she satisfied all duties imposed upon her pertaining to the means of egress to the premises.

In support of her motion, Byram offered her affidavit and the affidavit of the building commissioner for the City of St. Louis, Ronald H. Smith. Byram stated in her affidavit that she had never received notice of non-compliance from any city, state or federal authority regarding the violation of any ordinances, statutes, or laws for failing to attach a fire escape to the property. She also stated that the Division of Building and Inspection inspected the property and issued a "Certificate of Occupancy and Zoning." Smith stated in his affidavit that the St. Louis City Revised Code Chapter 25.01 adopted the BOCA Code prior to March 12, 1999, and as the "Code Official" he had the authority to enforce all provisions of Chapter 25.01. Smith also stated that under section 1025.1.3 of the BOCA Code the owner of 1436 Salisbury was prohibited from installing a new fire escape and under section 102.2 of the BOCA

---

3. In 1901, the legislature enacted sections 320.010 to 320.060. Under section 320.050, it is a misdemeanor to neglect or refuse to have the requisite number of fire escapes as required under sections 320.010 to 320.060.

4. Smith also asserted that he classified 1436 Salisbury as a one-and-a-half story residential dwelling in a two-and-a-half story building. But we agree with the trial court's finding that this "evidence conflicts with facts elsewhere in the record, to the effect that the building had three floors, and gives rise to a material question of fact."

Code the owner of 1436 Salisbury was not required to install a fire escape from the third floor.

■ The primary rule of statutory construction is to ascertain the intent of the legislature by giving the words used in the statute their plain and ordinary meaning. *American Healthcare Management, Inc. v. Director of Revenue*, 984 S.W.2d 496, 498 (Mo. banc 1999). If the "statutory language is clear, unambiguous, and admits of only one meaning, there is no room for construction and the legislature is presumed to have intended what the statute says." *Corvera Abatement Technologies, Inc. v. Air Conservation Comm'n*, 973 S.W.2d 851, 858 (Mo. banc 1998). "Where two separate statutes deal with the same subject matter, the two must be read together and harmonized and force must be given to the provisions of each." *City of Ellisville v. Lohman*, 972 S.W.2d 527, 534 (Mo.App. E.D.1998).

■ Smith, as the building commissioner for the City of St. Louis, had the authority to supervise and approve the building of fire escapes. Section 320.020. Furthermore, the number of fire escapes to be attached to a building "shall be determined" by Smith. Section 320.030. Considering together, harmonizing and giving force to each provision of sections 320.010, 320.020 and 320.030, Smith had the statutory authority to make the determination regarding fire escapes. Smith determined that building a fire escape on defendant's building was prohibited and that a fire escape to the third floor of defendant's building was not required. Under these circumstances, Davis cannot, as a matter of law, maintain their claims for negligence per se based on a violation of section 320.010.[5]

■ We recognize that a municipal ordinance must be in harmony with the general laws of the state and is void if in conflict. *Carter v. City of Pagedale*, 982 S.W.2d 744, 746 (Mo.App. E.D.1998). Whether provisions of the BOCA code, as adopted by the City of St. Louis, conflict with section 320.010 is not the issue presented. Similarly, the remedy, if any, when a building commissioner or responsible party, in accordance with a local law, makes a determination regarding fire escapes contrary to the applicable statutory provisions is also not at issue. Here, the issue is whether Davis can maintain the action for negligence per se against Byram who owned the property. Given the applicable statutory provisions and Smith's determination, Davis cannot maintain such an action. Point denied.

■ Davis argues in the second point that the trial court erred in granting Byram's motion for summary judgment for the common law negligence claims. According to Davis, "assuming arguendo" that the building commissioner determines whether a fire escape is required by section 320.010, this would not "remove" the issue of Byram's negligence. Davis contends that because it is uncontested that the only means of egress was a porch on the second floor it is a question of fact whether Byram "knew or should have known that a fire escape was required in the exercise of ordinary care."

The petition alleges that Byram was negligent in not providing a fire escape to "the third story (floor)," and renting the

**5.** The present case is distinguishable from cases where negligence per se claims could be maintained for failing to comply with the statutes requiring fire escapes. *See Gaines v. Property Servicing Co.*, 276 S.W.2d 169, 173 (Mo.1955)(defendant admitted under section 320.010 RSMo.1949 it was required to maintain a fire escape at a place designated by the fire marshal); *Fassi v. Schuler*, 349 Mo. 160, 159 S.W.2d 774, 775–76 (1942)(defendant admitted that his failure to comply with the statutes requiring fire escapes was negligence per se and city building inspector testified that building such as the type at issue had to have fire escapes placed in a certain manner); *Burt v. Nichols*, 264 Mo. 1, 173 S.W. 681, 682 (1915)(stating that it was "undisputed" that there was a proper place for the fire escape at a certain location on the building at issue).

**152**

premises "to others without a fire escape leading from the third story when defendant knew or should have known that it was dangerous for tenants and occupants of said premises and would cause injury or death."

Here, Byram was prohibited by code from building a fire escape. Because, according to Smith, Byram could not build a fire escape under the applicable law, she cannot be held liable for common law negligence for failing to do so. Point denied.

The judgment is affirmed.

CLIFFORD H. AHRENS, P.J. and JAMES R. DOWD, Judge, Concur.