**STATE ex rel. DIRECTOR OF REVENUE, STATE OF MISSOURI, Relator,**

v.

**The Honorable Gary M. GAERTNER, Jr., Judge, Circuit Court of St. Louis County, Div. 6, 21st Judicial Circuit, Respondent.[1]**

No. SC 82436.

Supreme Court of Missouri, En Banc.

Dec. 5, 2000.

---

1. We have substituted the Honorable Gary M. Gaertner, Jr., newly appointed Judge of Division 6 of the 21st Judicial Circuit, St. Louis County, as party respondent for the Honorable George W. Draper, who previously presided over this case. *See Wenzel v. Holland–America Insurance Company Trust,* 13 S.W.3d 643, 644 n. 2 (Mo. banc 2000); Rule 52.13(d).

Jeremiah W. (Jay) Nixon, Atty. Gen., James Chenault, III, Sp. Asst. Atty. Gen., Jefferson City, Mo. Dept. of Revenue, for Relator.

Kerry Aileen Simpson, David O. Danis, St. Louis, for Respondent.

## ORIGINAL PROCEEDING IN PROHIBITION.

PRICE, Chief Justice.

The Director of Revenue seeks a writ of prohibition to prevent the Circuit Court of St. Louis County from reviewing a driver's license revocation. The Director contends that the Circuit Court of St. Louis County lacks subject matter jurisdiction to review a driver's license revocation that arose when a driver refused to submit to a chemical test to determine blood alcohol content after being arrested in the City of St. Louis. Because the driver in such cases must petition for review in the county of his arrest, we make our preliminary writ of prohibition absolute and order transfer.

### I. Facts

On September 2, 1999, law enforcement officers arrested Daniel Barnes for driving while intoxicated in the City of St. Louis, Missouri. The Director of Revenue subsequently issued Barnes a notice of revocation for refusing to submit to a chemical test to determine his blood alcohol content. On September 13, 1999, Barnes filed a "Petition to Review Revocation" in the Circuit Court of St. Louis County, the county in which he resides.

The Director filed a motion to dismiss the petition, asserting that the Circuit Court of St. Louis County lacked subject matter jurisdiction under section 577.041.4,

RSMo Supp.1999. The Director argued that the statute required the driver to file his petition in the Circuit Court of the City of St. Louis, the county in which he was arrested. The court denied the Director's motion on February 25, 2000. The Director then filed a petition for writ of prohibition in the court of appeals, which denied the writ on March 9, 2000. This petition followed.

## II. Discussion

### A.

■ "[P]rohibition will lie only where necessary to prevent a usurpation of judicial power, to remedy an excess of jurisdiction, or to prevent an absolute irreparable harm to a party." *State ex rel. York v. Daugherty*, 969 S.W.2d 223, 224 (Mo. banc 1998).

### B.

The Director argues that the Circuit Court of St. Louis County exceeded its jurisdiction when it set the underlying cause for trial. He contends that any suit to review the revocation of a person's driver's license because that person refused to submit to a chemical test is restricted to the circuit court of the county "in which the arrest or stop occurred." The Director relies on section 577.041.4, RSMo Supp.1999, which states, in relevant part:

> If a person's license has been revoked because of the person's refusal to submit to a chemical test, such person may petition for a hearing before a circuit court or associate circuit court [sic] in the county in which the arrest or stop occurred.

Section 577.041.4, RSMo Supp.1999.

The Respondent, citing the legislature's use of the word "may," argues that the language of section 577.041.4 is permissive. He further argues that section 577.041.4 should be read *in pari materia* with section 302.311, RSMo 1994, which states, in relevant part:

> In the event an application for a license is denied or withheld, or in the event that a license is suspended or revoked by the director, the applicant or licensee so aggrieved may appeal to the circuit court of the county of his residence....

Section 302.311, RSMo 1994. The Respondent contends that he is allowed to choose to bring his action either in the county in which the arrest occurred pursuant to section 577.041.4 or in the county of his residence consistent with section 302.311.

### C.

■ The Respondent's argument fails for two reasons. First, he misapplies the doctrine of *in pari materia* when he attempts to use it to graft the venue provision of section 302.311 onto section 577.041.4. "In pari materia" means "upon the same matter or subject." Black's Law Dictionary 791 (6th ed.1990). The doctrine requires that statutes relating to the same subject matter be construed together even though the statutes are found in different chapters and were enacted at different times. *Romans v. Director of Revenue*, 783 S.W.2d 894, 896 (Mo. banc 1990). However, "[w]here one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general." *Id.* (quoting *State ex rel. Fort Zumwalt School Dist. v. Dickherber*, 576 S.W.2d 532, 536–37 (Mo. banc 1979)). Though the statutory sections at issue deal with the same general subject, they are repugnant to the extent that each specifies a different venue. Because section 577.041.4 specifically addresses "refusal" revocation cases, it must prevail over the general review statute.

■ The Respondent's argument also fails when viewed in light of the 1991 amendments to section 577.041. Before amendment, section 577.041 allowed a driver to file for review in the county of his residence.

If a person's license has been revoked because of his refusal to submit to a chemical test, he may request a hearing before a court of record in the county in which he resides or in the county in which the arrest occurred.

Section 577.041.2, RSMo Supp.1990. However, in amending the statute, the legislature deleted the language allowing the driver to request a hearing "in the county in which he resides." *Compare id. with* section 577.041.4, RSMo Supp.1999. "When the legislature has altered an existing statute such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act." *Woolbright v. Director of Revenue*, 891 S.W.2d 860, 863 n. 6 (Mo.App. 1995) (citing *State v. Sweeney*, 701 S.W.2d 420, 423 (Mo.banc 1985)). The language of section 577.041.4 is permissive only to the extent that it allows the driver to choose *whether* to file a petition for review of revocation. The statute does not permit the driver to file his petition outside of "the county in which the arrest or stop occurred." Section 577.041.4, RSMo Supp. 1999.

### D.

■ The Respondent further argues that the Director is estopped from challenging the circuit court's jurisdiction because the notice of revocation referenced both section 577.041 and section 302.311. Without specifically addressing whether jurisdiction may be conferred by estoppel in such cases, we find that the actions of the Director were insufficient as a factual matter to raise that issue. The notice stated:

Pursuant to Sections 302.311 and 577.041, RSMo, if you wish to contest the revocation of your privilege to drive, you must petition for a hearing before the Circuit or Associate Circuit Court in the county where the arrest/stop occurred. A petition for review must be filed within 30 days from the date this notice is issued (See date notice issued above).

Clearly, this notice informs the driver that he must petition for review in "the Circuit or Associate Circuit Court [sic] in the county *where the arrest/stop occurred.*" Though the Respondent contends that the citation to section 302.311 is confusing, we find that the citation is pertinent to the time limitation set out in the second sentence of the notice of revocation. As we stated in *Romans*, "[T]he thirty-day time limit of Section 302.311 applies to revocations under Section 577.041." *Romans*, 783 S.W.2d at 896.

### E.

Having determined that Barnes filed his petition in the wrong county, we must next decide upon an appropriate disposition for this appeal. In *Collins & Associates Dietary Consultants, Inc. v. Labor and Indus. Relations Comm'n*, 724 S.W.2d 243 (Mo. banc 1987), we held that a court which is not statutorily vested with review authority does not have subject matter jurisdiction.

Where a statute places the authority to judicially review an administrative decision in the circuit court of a particular county, a question of subject matter jurisdiction rather than venue is involved.... The only recourse of a court which lacks subject matter jurisdiction of a cause is dismissal of the cause.

*Collins*, 724 S.W.2d at 244–45.

■ Subsequent to *Collins*, the legislature enacted section 476.410, which provides that "[t]he division of a circuit court in which a case is filed laying venue in the wrong division or wrong circuit shall transfer the case to any division or circuit in which it could have been brought." Section 476.410, RSMo 1994. This new section appears to grant a limited jurisdiction to the circuit court to transfer any case filed in an improper venue to any circuit court otherwise designated by the legislature to hear the particular matter. Accordingly, the Circuit Court of St. Louis County is vested with jurisdiction only to

**568**

transfer this case to the Circuit Court of the City of St. Louis.

### III. Conclusion

We make our preliminary writ of prohibition absolute and order the Circuit Court of St. Louis County to transfer this case to the Circuit Court of the City of St. Louis consistent with section 476.410, RSMo 1994.

All concur.