KC MOTORCYCLE ESCORTS, L.L.C., Appellant,

v.

Richard D. EASLEY, Chief of Police, et al., Respondent.

No. WD 58756.

Missouri Court of Appeals, Western District.

June 26, 2001.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 28, 2001.

Michael Joseph Gunter, Kansas City, for appellant.

Dale H. Close, Kansas City, for respondent,

Before LOWENSTEIN, P.J., ULRICH, J. and HANNA, S.J.

ULRICH, Judge.

KC Motorcycle Escorts, L.L.C. ("Escorts") appeals the summary judgment entered in favor of Richard Easley in his official capacity as Chief of Police of the Kansas City, Missouri Police Department and other defendants [1] (collectively "Chief Easley") based on Escorts's failure to exhaust its administrative remedies. The judgment of the trial court is affirmed.

## Factual Background

The primary function of Escorts's business is to provide lead vehicles for organized funeral processions. On February 3, 1999, Escorts made application for a company license with the Private Officers Licensing Section of the Kansas City, Missouri Police Department. Escorts's application for license was approved as of February 12, 1999, by the Private Officers Licensing Section, and Escorts was licensed as a private security company as authorized by section 84.720, RSMo 2000. Thereafter, the Private Officers Licensing Section notified Escorts by letter on September 17, 1999, that its license was being suspended for a period of 30 days beginning October 25, 1999. Escorts did not request a review of the suspension decision by the Board of Police Commissioners of Kansas City, Missouri. Instead, Escorts filed its petition for injunctive relief on November 24, 1999, requesting the trial court to enjoin Chief Easley from interfering with its business of providing lead vehicles for funeral escorts. Chief Easley filed a motion for summary judgment contending that Escorts had failed to exhaust its administrative remedies as authorized by 17 CSR 10–2.060(11)(D)(September 1997), which provides that an organization or individual may appeal any decision of suspension by filing a notice of appeal with the Board of Police Commissioners within ten business days of the notification of suspension. The trial court agreed and granted summary judgment in favor of Chief Easley. This appeal by Escorts followed.

## Standard of Review

Appellate review of the grant of summary judgment is *de novo*. *ITT Commercial Fin. Corp. v. Mid–America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The record is reviewed in the light most favorable to the party against whom judgment was entered, according that party all reasonable inferences that may be drawn from the record. *Id.*

Summary judgment will be upheld on appeal if the movant is entitled to judgment as a matter of law and no genuine issues of material fact exist. *Id.* at 377. Facts contained in affidavits or otherwise in support of a party's motion are accepted as true unless contradicted by the non-moving party's response to the summary judgment motion. *Id.* at 376. A defending party may establish a right to judgment as a matter of law by showing any one of the following: (1) facts that negate any one of the elements of the claimant's cause of action, (2) the non-movant, after an adequate period of discovery, has not and will not be able to produce evidence sufficient to allow the trier of fact to find the existence of any one of the claimant's elements, or (3) there is no genuine dispute as to the existence of each of the facts necessary to support the movant's properly-pleaded affirmative defense. *Id.* at 381.

Once the movant has established a right to judgment as a matter of law, the non-

**1.** Dr. Stacey Daniels, Joseph Mulvihill, Dennis Eckold, Bryan D. Round, Jeffrey Simon, Mayor Kay W. Barnes, and Richard D. Easley in their official capacities as members of the Board of Police Commissioners of Kansas City, Missouri.

movant must demonstrate that one or more of the material facts asserted by the movant as not in dispute is, in fact, genuinely disputed. *Id.* The non-moving party may not rely on mere allegations and denials of the pleadings, but must use affidavits, depositions, answers to interrogatories, or admissions on file to demonstrate the existence of a genuine issue for trial. *Id.*

### Point on Appeal

■ In its sole point on appeal, Escorts claims that the trial court erred in granting summary judgment in favor of Chief Easley based on Escorts's failure to exhaust its administrative remedies because as a business providing lead vehicles for funeral processions, it is not regulated by section 84.720, RSMo 2000, and the related regulations in 17 CSR 10–2 (September 1997)[2] involving private security but instead by sections 194.500–194.512, RSMo 2000, controlling funeral processions. Thus, Escorts contends that it was not required to exhaust the administrative remedy set out in 17 CSR 10–2.060(11)(D)(September 1997) before filing its petition for injunctive relief.

Sections 194.500–.512, RSMo 2000, govern funeral processions. The statutes encompass definitions (194.500), right-of-way of funeral processions (.503), requirements for vehicles in the funeral procession (.506), prohibitions for vehicles not a part of a funeral procession (.509), and the use of a motorcycle with an amber light to escort a funeral procession (.512). §§ 194.500–194.512, RSMo 2000.

Section 84.720, RSMo 2000, governing private security personnel, provides in pertinent part:

The police commissioners of any city with a population of three hundred fifty thousand or more inhabitants which is located in more than one county shall have power to regulate and license all private security personnel and organizations, serving or acting as such in such cities, and no person or organization shall act in the capacity of, or provide, security services without first having obtained the written license of the president or acting president of the police commissioners of such cities.

§ 84.720, RSMo 2000. The state regulations relating to private security personnel are found in 17 CSR 10–2 (September 1997). The regulations organize private security licensees into two classes, Class A licensees and Class B licensees, depending on their authority to detain or apprehend suspects. 17 CSR 10–2.030(1)(September 1997). Class B licenses do not grant the authority to detain or apprehend suspects and are designated as one of 3 subcategories: guard, armed courier, or special event. 17 CSR 10–2.030(1)(B)(September 1997). A guard is:

unarmed and either uniformed or non-uniformed with primary responsibilities being to watch and report on/or in a specific premises or designated area, to escort or guide, to control crowds, give directions, control access for the purposes of offering assistance for the safety of others. The guard has no authority to detain or apprehend a person suspected of committing a crime. A guard may request identification or ask for the nature of business. This individual will be employed by a recognized proprietary, contract or political subdi-

---

**2.** A new version of 17 CSR 10–2 became effective in July 2000. The September 1997 version of the regulations, however, was in effect at the time Escorts's private security license was suspended and is, therefore, cited in this opinion.

vision licensed to provide security in Kansas City, Missouri.

17 CSR 10–2.030(1)(B)(1)(September 1997).

 Statutes relating to the same subject matter are considered in pari materia. *State ex rel. Director of Revenue, State of Missouri v. Gaertner,* 32 S.W.3d 564, 566 (Mo. banc 2000); *Preston v. State,* 33 S.W.3d 574, 579 (Mo.App. W.D. 2000). The doctrine requires that statutes relating to the same subject matter be construed together even though they are found in different chapters or were enacted at different times. *Gaertner,* 32 S.W.3d at 566. When one statute deals with a subject in general terms and another statute deals with the same subject in a more specific way, the two statutes should be harmonized if possible. *Id.; Preston,* 33 S.W.3d at 579. If the statutes cannot be reconciled, the more specific prevails over the more general. *Id.*

Section 84.720, RSMo 2000, and the related regulations in 17 CSR 10–2 (September 1997) involving private security are not in conflict with sections 194.500–194.512, RSMo 2000, governing funeral processions. Nothing in sections 194.500–194.512, RSMo 2000, prohibits the licensing requirements of the statute and regulations regarding private security personnel. The respective statutes are, therefore, read and interpreted in harmony with each other.

As a business providing escort services for funeral processions, Escorts was providing private security services, specifically escort services, as defined in 17 CSR 10–2.030(1)(B)(1)(September 1997). Thus, Escorts was required to make application for and obtain a Class B guard license to provide private security services under the regulations, which it did. Section 84.720, RSMo 2000, and the related regulations in 17 CSR 10–2 (September 1997) involving private security, therefore, applied to Escorts.

 Seventeen CSR 10–2 (September 1997) provides an appeal process for individuals or businesses whose private security licenses are suspended or revoked:

> The organization or individual may appeal any decision of penalty, suspension, revocation or other disciplinary action by filing a notice of appeal, in writing, with the secretary of the Board of Police Commissioners within ten (10) business days of the dated written notification of suspension or revocation at 1125 Locust Street, Kansas City, MO 64106.

17 CSR 10–2.060(11)(D) (September 1997).[3] Where an administrative remedy is available, a court will generally require a litigant to exhaust the administrative remedy before assuming jurisdiction. *Premium Standard Farms, Inc. v. Lincoln Township,* 946 S.W.2d 234, 237 (Mo. banc 1997); *Willamette Indus., Inc. v. Clean Water Comm'n,* 34 S.W.3d 197, 201 (Mo. App. W.D.2000). Exhaustion of administrative remedies is required

> [to prevent] premature interference with agency processes, so that the agency may function efficiently and so that it may have an opportunity to correct its own errors, to afford the parties and the courts the benefit of its experience and expertise, and to compile a record which is adequate for judicial review.

---

**3.** The current version of the regulation provides:

> Upon receipt of a notice of suspension, the individual or organization affected may request a review of the action of the POLS [Private Officers Licensing Section] by filing a notice of appeal, in writing, with the POLS within ten (10) business days of the dated written notification of suspension or revocation at 1328 Agnes, Kansas City, MO 64127.

17 CSR 10–2.060(10)(C) (July 2000).

188

*Shelton v. Farr*, 996 S.W.2d 541, 543 (Mo. App. W.D.1999) (citation omitted). Escorts was notified by letter on September 17, 1999, by the Private Officers Licensing Section that its license was being suspended for a period of 30 days beginning October 25, 1999. Escorts did not request a review by the Board of Police Commissioners of Kansas City, Missouri, of the suspension decision. It, therefore, failed to exhaust its administrative remedy set out in 17 CSR 10–2.060(11)(D)(September 1997). Because Chief Easley was entitled to judgment as a matter of law and no genuine issues of material fact existed, the trial court did not err in granting summary judgment in favor of Chief Easley. The judgment of the trial court is affirmed.

LOWENSTEIN, P.J., and HANNA, S.J., concur.