STATE of Missouri, Respondent/Plaintiff,

v.

Michael GOEBEL, Appellant/Defendant.

No. ED 80091.

Missouri Court of Appeals, Eastern District, Division Four.

June 25, 2002.

Motion for Rehearing and/or Transfer to Supreme Court Denied Aug. 22, 2002.

Application for Transfer Denied Sept. 24, 2002.

---

Stacey Franks Sullivan, St. Louis, for appellant.

John Munson Morris, III, Jefferson City, Nicole Gorovsky, St. Louis, for respondent.

SHERRI B. SULLIVAN, Presiding Judge.

## Introduction

Michael Goebel (Appellant) appeals from the trial court judgment entered upon a

jury verdict convicting him of one count of Stealing by Deceit, a class C felony in violation of Section 570.030.[1] We affirm.

## Factual and Procedural Background

On February 14, 1999, Appellant applied for food stamps and temporary aid at the Division of Family Services (DFS) in St. Charles County. Appellant was paid benefits in the form of U.S. currency and food stamps from January 1, 1999 through October 31, 1999. On July 6, 2000, Appellant was charged with one count of Stealing By Deceit for misappropriation of public assistance. The State alleged that Appellant represented to the State that he qualified for the level of assistance he was receiving, but that representation was knowingly false. The case was tried and a jury found Appellant guilty as charged. This appeal follows. Appellant presents two points on appeal.

## Point I

In his first point, Appellant claims that the trial court erred in refusing Appellant's Motion for Acquittal at the Close of all the Evidence and in rendering judgment against Appellant because the State failed to prove the elements of the crime with which Appellant was charged, namely that Appellant willfully failed to report income while receiving public assistance benefits. Appellant maintains this error violated his right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution.

## Standard of Review

In reviewing a challenge to the sufficiency of the evidence, this Court must

---

**1.** All statutory references are to RSMo 2000, unless otherwise noted.

determine whether there is sufficient evidence from which a reasonable juror could have found Appellant guilty beyond a reasonable doubt. *State v. Whalen,* 49 S.W.3d 181, 184 (Mo.banc 2001). In applying this standard, we look to the elements of the crime and consider each in turn. *Id.* We take the evidence in the light most favorable to the State and grant the State all reasonable inferences from the evidence. *Id.* We disregard contrary inferences, unless they are such a natural and logical extension of the evidence that a reasonable juror would be unable to disregard them. *Id.* Taking the evidence in this light, we consider whether a reasonable juror could find each of the elements beyond a reasonable doubt. *Id. See also, State v. Grim,* 854 S.W.2d 403, 411 (Mo. banc 1993).

### Discussion

■ Appellant maintains the State failed to prove the elements of the crime with which Appellant was charged, namely that Appellant willfully failed to report income while receiving public assistance benefits. Appellant states that Section 205.967 delineates the crime of stealing as it applies to public assistance benefits, specifically:

> 2. Any person or corporation who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by willful concealment or failure to report any fact or event required to be reported by any law, regulation, or rule of this state or the United States, or by impersonation, collusion, or other fraudulent device, any public assistance benefits, programs, and services, shall be guilty of the crime of stealing as defined by section 570.030, RSMo, and shall be punished as provided in section 570.030, RSMo.

Appellant claims the State failed to prove a willfully false statement or willful concealment or failure to report.

■ The amended information in this case charged Appellant with Stealing By Deceit, a violation of Section 570.030. Section 570.030.1 provides: "A person commits the crime of stealing if he or she appropriates property or services of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion." The essential elements of stealing by deceit under the statute are: (1) there must be an appropriation (2) of property or services of another (3) with the purpose to deprive the other thereof (4) accomplished either without the other's consent or by means of deceit or coercion. *State v. Sielfleisch,* 884 S.W.2d 422, 427 (Mo.App. E.D. 1994). Deceit is defined in Section 570.010(6) as "purposely making a representation which is false and which the actor does not believe to be true and upon which the victim relies, as to a matter of fact, law, value, intention or other state of mind." *Id.*

There is no dispute in this case that Appellant appropriated the State's property, by obtaining State public assistance in the form of money and food stamps. There is no dispute that Appellant intended to deprive the State of this property, in that there was no evidence that Appellant was going to return the money, or that it would even be possible to do so. *See* Section 570.010(8). There is evidence that Appellant obtained the money and food stamps from the State through deceit, in that he failed to report his income and changes in his financial circumstances to DFS, as he was required to do. Such failure deceived DFS into believing he was eligible for the amount of assistance he was taking from the State.

Based on the foregoing, we find the State proved all of the elements of the crime for which Appellant was charged. There was sufficient evidence by which the jury could find Appellant guilty of the elements of stealing by deceit. Accordingly, Point I is denied.

### Point II

In his second point, Appellant claims the trial court clearly erred in submitting Instruction No. 6[2] to the jury because it fails to correctly state the law, in violation of Appellant's right to due process as guaranteed by the Fourteenth Amendment to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution. Appellant maintains Instruction No. 6 lowered the State's burden of proof, in that it only required the State to prove that Appellant voiced a general conclusion that he qualified for benefits. Appellant points out that Section 205.967(2) requires specific acts for conviction, namely "a willfully false statement or representation" or "willful concealment or failure to report any fact or event required to be reported...." Appellant also contends Instruction No. 6 violates the separation of powers under Article II, Section I of the Missouri Constitution, in that it constitutes a judicial usurpation of the legislative function because it does not track the language of the applicable statute.

### Standard of Review

■ Appellant failed to object to Instruction No. 6 at trial or include his objection to it in his Motion for New Trial. Therefore, we review under the plain-error standard. To find plain error regarding jury instructions, the trial court must have so misdirected or failed to instruct the jury as to cause manifest injustice or a miscar-

riage of justice. *State v. Black*, 50 S.W.3d 778, 788 (Mo.banc 2001).

### Discussion

■ Instruction No. 6, which mirrors MAI–CR3d 324.02.2, provides:

If you find and believe from the evidence beyond a reasonable doubt:

First, that on or between January 1, 1999, and October 31, 1999, in the County of St. Charles, State of Missouri, the defendant obtained U.S. currency and food stamps, which property was provided by the State of Missouri, and

Second, that defendant did so by deceit by representing to the State of Missouri that he qualified for the level of assistance he was receiving, and

Third, that such statement was false, and

Fourth, that defendant knew such statement was false, and

Fifth, that the State of Missouri relied on such statement and was thereby induced to part with such property, and

Sixth, that defendant obtained such property for the purpose of withholding in [sic] from the owner permanently, and then you will find the defendant guilty of felony stealing by deceit.

However, unless you find and believe from the evidence beyond a reasonable doubt each and all of these propositions, you must find the defendant not guilty of that offense.

In contrast, argues Appellant, Section 205.967.2 states in relevant part:

Any person or corporation who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by willful concealment or failure to report any fact or event required to

---

**2.** In his brief, Appellant mistakenly refers to the Instruction at issue as Instruction No. 7.

be reported by any law, regulation, or rule of this state or the United States, or by impersonation, collusion, or other fraudulent device, any public assistance benefits, programs, and services, shall be guilty of the crime of stealing as defined by section 570.030, RSMo, and shall be punished as provided in section 570.030, RSMo.

Appellant takes issue with Instruction No. 6's language, "by representing to the State of Missouri that he qualified for the level of assistance he was receiving," because he states it allows the jury to find that if Appellant made *any* kind of representation that he qualified for the level of assistance he was receiving, he is guilty of stealing.

First, Appellant's argument fails to take into account Instruction No. 6 as a whole. Instruction No. 6 does not allow the jury to find that Appellant made "any" kind of representation to the State, such as his own "opinion," as Appellant contends. Rather, Instruction No. 6 requires the jury to find that Appellant made a false representation to the State, which he specifically knew was false. Instruction No. 6 requires the jury to find that the State relied upon Appellant's knowingly false statement, and gave him benefits based on that knowingly false representation,[3] and Appellant made that representation purposefully to take and keep those benefits. Instruction No. 6 certainly does not allow the jury to find that Appellant merely expressed his opinion as to his entitlement to benefits, and thereby is guilty of stealing by deceit.

Further, every element of "deceit," as defined in Section 570.010(6), is specifically set out in Instruction No. 6. "Deceit" includes the term purposely, which is synonymous with willfully. "A wrong willfully done is a wrong purposefully done." *Judd v. Ballard,* 66 Vt. 668, 30 A. 96, 98 (1894). Willful is defined as "Conscious; knowing; done with stubborn purpose, but not with malice." Black's Law Dictionary 1773 (4th ed.1968). Both "willful" and "purposely" are defined as "intentional." *Id.* at 1400, 1773, 30 A. 96. Accordingly, for these reasons, we find that Instruction No. 6 did not fail to require the jury to find that Appellant "willfully" misrepresented to the State his entitlement to benefits.

For the foregoing reasons alone, Appellant's second point fails. Additionally, however, Appellant's second point suffers the same infirmities as does his first point. As we noted in our discussion of Appellant's first point, Appellant was charged with stealing by deceit, in violation of Section 570.030, not with a violation of Section 205.967. Instruction No. 6 mirrors the elements of the crime of stealing by deceit as set out in Section 570.030. We need not go over those elements again as we did so in our discussion of Appellant's first point. Appellant does not direct us to any authority, nor do we find any, that supports the proposition that a jury instruction needs to track the language of a statute under which a defendant is not charged. In fact, an instruction is improper when it submits a different offense from the one charged. *State v.*

3. An instruction including the term "willfully" sufficed for the term "knowingly" in *State v. Stavricos,* 506 S.W.2d 51, 56 (Mo.App.1974) (holding that the term "willfully" means intentionally and knowingly, not accidentally or unconsciously, and words "unlawfully" and "feloniously" likewise import intentional acts, and thus in prosecution for possession of controlled substances there was no error in failing to require a finding that defendant "knowingly" possessed the substances in addition to finding that defendant "willfully, unlawfully and feloniously" possessed the substances). In other words, the terms were interchangeable.

*Hawkins,* 418 S.W.2d 921, 925 (Mo.banc 1967). A court may not instruct on an offense not specifically charged in the information or indictment, unless it is a lesser-included offense. *State v. Smith,* 592 S.W.2d 165, 165 (Mo.banc 1979). A violation of Section 205.967 is not a lesser-included offense of stealing by deceit.

A discussion of the interplay between Section 205.967 and Section 570.030 may be helpful in illuminating why Appellant was charged under Section 570.030 and not under Section 205.967.

█ Statutes are considered to be *in pari materia*[4] when they relate to the same person or thing, to the same class of persons or things, or have the same purpose or object. Norman J. Singer, *Statutes and Statutory Construction* section 51.03 (6th ed.2000). The doctrine of *in pari materia* requires that statutes relating to the same subject matter be construed together even though the statutes are found in different chapters and were enacted at different times. *State ex rel. Director of Revenue v. Gaertner,* 32 S.W.3d 564, 566 (Mo.2000). For example, a statute providing that every person who willfully burns any shop or storefront shall be deemed guilty of a felony, should be read and construed in connection with, and in light of, other statutes pertaining to arson. *State v. Varsalona,* 309 S.W.2d 636, 638 (Mo.1958).

In 1975, the legislature enacted a version of Section 205.967, which read in pertinent part:

5. Any person willfully violating a provision of this section who defrauds the state for a sum of one hundred and fifty dollars or more by one act or a series of acts accumulating the sum of one hundred and fifty dollars or more is guilty of a felony and, upon conviction, shall be punished by imprisonment by the division of corrections for a period not to exceed five years, or by confinement in the county jail for a period not to exceed one year, or by a fine not to exceed one thousand dollars, or by both confinement in the county jail and by fine, where the amount of the offense is less than one hundred fifty dollars, said offense is a misdemeanor.

6. The provisions of this section are not deemed to be exclusive and shall not be construed to preclude the applicability of any other provision of the criminal law of this state applicable to any person or act which violates a provision of this section.

*See* Laws of Missouri, 1975, SB255, p. 238–240 (Approved June 26, 1975).

Before 1981, the 1975 version of Section 205.697 and Section 570.030, the criminal stealing statute, were alternate remedies for welfare fraud. In *State v. Malveaux,* 604 S.W.2d 728, 735 (Mo.App. W.D.1980), the Court stated that, absent a declaration by the legislature that the welfare fraud statute provided the exclusive remedy for welfare fraud, a defendant could be charged either under the criminal stealing statute or under the welfare fraud statute.

In 1981 the legislature expressly repealed the 1975 version of Section 205.697 in favor of an amended version, which has remained unchanged to this date and provides in pertinent part:

2. Any person or corporation who obtains or attempts to obtain, or aids or abets any other person to obtain, by means of a willfully false statement or representation, or by willful concealment

**4.** "In pari materia" means "upon the same matter or subject." Black's Law Dictionary 791 (6th ed.1990).

or failure to report any fact or event required to be reported by any law, regulation, or rule of this state or the United States, or by impersonation, collusion, or other fraudulent device, any public assistance benefits, programs, and services, *shall be guilty of the crime of stealing as defined by section 570.030, RSMo, and shall be punished as provided in section 570.030, RSMo.*

(emphasis added).

 When the legislature has altered an existing statute such change is deemed to have an intended effect, and the legislature will not be charged with having done a meaningless act. *Gaertner*, 32 S.W.3d at 567. The significant change in the amended Section 205.967, for our purposes, is that the charge and punishment is exclusively provided by Section 570.030, and not Section 205.967. The language of the statute is clear on this intent. The primary rule in statutory construction is to ascertain the intent of the legislature by giving the words used in the statute their plain and ordinary meaning. *Davis v. Byram*, 31 S.W.3d 148, 151 (Mo.App. E.D. 2000).

Also instructive on this issue is *State v. Grady*, 691 S.W.2d 301 (Mo.App. E.D. 1985). In *Grady*, the defendant had been convicted of forgery for using someone else's credit card to buy gasoline at a service station, and signing the credit card owner's name on the receipt. The defendant argued on appeal that the trial court committed plain error in sentencing him to an extended sentence as the conduct alleged in the information and proved at trial could not be prosecuted as forgery, a felony under Section 570.090.1(3) RSMo (1978), but only as fraudulent use of a credit device under Section 570.130.1(1) RSMo (1978), a misdemeanor, because the forgery statute is a general statute and the fraudulent use of a credit card device stat-

ute is specific and prevails over the general statute. *Id.* at 302–303. We had the following to say about the defendant's argument:

The evidence includes eyewitness testimony of two service station attendants. Both identified defendant and described the related criminal acts. The evidence supports a conviction under § 570.090.1(3) or § 570.130.1(1). The question is whether the latter as a specific statute must prevail over the former as a general statute when the evidence would support a conviction under either. The state's position is that it has discretion to choose which crime to charge. We agree with the state's position.

Defendant argues that the two statutes are inconsistent and repugnant to each other and as a result the specific statute prevails over the general statute. *See State v. Wright*, 409 S.W.2d 797, 800 (Mo.App.1966). Defendant's argument is predicated upon an assumption that § 570.090 and § 570.130 are inconsistent. The fact that the latter is specific in nature and prescribes punishment for a misdemeanor as opposed to a felony as in the general statute does not constitute an inconsistency. *State v. Malveaux*, 604 S.W.2d 728, 735 (Mo.App. 1980).

The legislature has not made § 570.130 limiting of § 570.090. If the legislature intended § 570.130 or § 570.090 to be exclusive remedies for credit card fraud, "it would have been a simple matter to have declared the same. . . . The fact that the accused is charged and the evidence supports a conviction, under a statute carrying a more severe penalty, provides no defense to an accused, [citations omitted]. The fact that substantially the same conduct may amount to an offense under

another statute does not render the other statute invalid ..." *Malveaux*, 604 S.W.2d at 735. *The issue in Malveaux was similar to the present case and the court rejected the argument that § 205.966 RSMo 1978 (food stamp fraud, a misdemeanor) was a limiting statute, thus preventing the state from prosecuting such offenses under § 560.156 RSMo 1969 (stealing by deceit property valued at more than $50.00, a felony).* When a single act may constitute an offense under two different statutes, the state may elect which statute to proceed under. *State v. Jackson*, 643 S.W.2d 74, 77 (Mo.App.1982). These statutes are consistent except for the category of crime and punishment and that distinction is not a basis to hold that § 570.130 RSMo 1978 prohibits the prosecutor from electing to charge under § 570.090 RSMo 1978. This is particularly true where both sections were enacted at the same time. We rule this point against defendant.

*Id.* at 303. (emphasis added).

Where one statute deals with a subject in general terms and another deals with the same subject in a more minute way, the two should be harmonized if possible, but to the extent of any repugnancy between them the definite prevails over the general. *Gaertner*, 32 S.W.3d at 566. However, even if there is a conflict between the detailed and the general statute, the general statute will prevail if it appears that the legislature intended to make it controlling. Singer, *supra*, § 51.05. Here, the language of the amended Section 205.697 could not be any clearer on the legislature's intent to make Section 570.030 controlling in cases of welfare fraud. Welfare fraud is a form of stealing by deceit, as defined in Section 570.030. Instruction No. 6 tracked the elements of stealing by deceit as set out in Section 570.030. Ac-cordingly, for these additional reasons, we find the trial court did not err in submitting Instruction No. 6.

For the foregoing reasons, we find that Instruction No. 6 is consistent with the applicable statutory law. Therefore, the trial court did not commit plain error in its submission of Instruction No. 6 to the jury. Accordingly, Point II is denied.

*Conclusion*

The judgment of the trial court is affirmed.

LAWRENCE G. CRAHAN, J., and LAWRENCE E. MOONEY, J., concur.